HERMAN ROSENBERG et al., Respondents, *v.* HUGO BLOCK et al., Appellants.

In an action by the members of an alleged special partnership, to recover the proceeds of goods claimed to have been sold by defendants as agents for plaintiffs, defendants averred in their answer, in substance; that the pretended partnership was a sham resorted to to prevent the creditors of R., the active partner, from reaching his property, and that he was in fact the sole person interested in the business, and defendants set up as an offset an individual indebtedness of R. to them. On the trial it appeared that R., previous to the alleged formation of the special partnership, was individually engaged in business, that he failed, made an assignment, preferring his sister B., the special partner, to a large amount; that the capital of the special partnership was contributed by B., the only contribution of R. being his time and skill. Defendant then offered evidence tending to prove that the claim of B: so preferred was in fact fictitious; that the assigned property was transferred by the assignor to B. in pretended payment of the fictitious debt, who put it in as the capital of the special partnership which was formed immediately after such transfer, and that R. received and appropriated all the profits of the business. This evidence was excluded. *Held* error; that the rule prohibiting a creditor, before reducing his claim to judgment, from maintaining an action to set aside an assignment by the debtor as fraudulent, had no application, as defendants were not seeking to set aside the assignment, but simply to show that the plaintiff against whom they have a counter-claim is the sole party interested in the claim sought to be enforced by them, and so that they were entitled to be allowed the counter-claim.

*Rosenberg* v. *Block* (18 J. & S. 357), reversed.

(Argued March 25, 1886; decided April 13, 1886.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 16, 1884, which affirmed a judgment in favor of plaintiffs, entered upon a verdict and affirming an order denying a motion for a new trial. (Reported below, 18 J. & S. 357.)

The complaint in this action alleged a limited partnership between the plaintiffs, formed under the laws of Virginia, under the name of the plaintiff Rosenberg, who was the general, and plaintiff Bottigheimer, the special partner; that said firm delivered to defendants' firm certain goods, to be sold by them as agents for plaintiff, and proceeds remitted, that defendants' sold the goods, but did not remit proceeds, etc. The answer alleged, among other things, that the alleged special partnership was merely nominal and fictitious; that Rosenberg was the sole person interested in the business and its assets, the pretended partnership having been resorted to to prevent the creditors of Rosenberg from reaching his property, and that he was indebted to the defendants for the goods sold and delivered. This indebtedness defendants set up as a counter-claim.

On the trial it appeared that prior to the formation of the special partnership, Rosenberg was individually engaged in business in Virginia, that he failed in business and made an assignment for the benefit of creditors, in which he preferred the plaintiff Bottigheimer for an alleged indebtedness of about $4,000. The defendants then offered the proof specified in the opinion, which was objected to and excluded.

*Samuel W. Weiss* for appellants. It was proper to ask the plaintiff, Rosenberg, whether he had done all he was advised or believed it necessary or proper to do toward giving the fact of partnership due publicity. (*Nicolay* v. *Unger*, 8 N. Y. 54; *Terpenning* v. *Corn Exch. I. Co.*, 43 id. 279.) Defendants had the right to have a non-responsive or objectionable answer obtained under a commission stricken out. (*Lansing* v. *Cooley*, 13 Abb. 272; *Greenman* v. *O'Connor*, 25 Mich. 30; *Kingsbury* v. *Moses*, 45 N. H. 222.) Where fraud is an alleged element in a cause, facts which naturally and logically indicate its existence, the subsequent acts of the parties charged with it, and circumstances tending to show the fraudulent intent are competent evidence. (*Shultz* v. *Hoagland*, 85 N. Y. 464; *Hubbard* v. *Briggs*, 31 id. 538; *Dambman* v. *Butterfield*, 2 Hun, 284.) Any creditor may attack an assignment

collaterally; a creditor must be a judgment creditor only when there is a proceeding in equity by him to set aside the assignment. (Bishop's Insolv. Assign., §§ 237, 243.) No special partnership was established. (*Van Ingen* v. *Whitman*, 62 N. Y. 513; *Maginn* v. *Lawrence*, 45 Sup. Ct. 235.) Actions like this must be brought in the name of the general partner only. (Code of Civ. Pro., § 488, subd. 5; id. 498; commissioners' note, § 488; *Simar* v. *Canady*, 53 N. Y. 298; Old Code, § 144.) There was no evidence that plaintiff's firm caused to be delivered any merchandise upon any agreement of agency and remittance by defendants. (*Hogan* v. *Short*, 24 Wend. 458.) To recover, plaintiffs were bound to establish defendant's receipt of the money before action commenced. (*Nat. Trust Co.* v. *Gleason*, 77 N. Y. 400; *N. Y. Guard. and Indemnity Co.* v. *Gleason*, 78 id. 503; *Edwards* v. *Farmers' Ins. Co.*, 21 Wend. 482; *Dows* v. *Morewood*, 10 Barb. 187; *Everett* v. *Salters*, 15 Wend. 474; *Morris* v. *Rexford*, 18 N. Y. 522; *Smith* v. *Mayor, etc.*, 37 id. 518; *Whitcomb* v. *Hungerford*, 42 Barb. 178; *Bush* v. *Filley*, 49 id. 600; *Ford* v. *Ford*, 53 id. 525.) The court erred in refusing the request to charge that if the jury find that at the time of the commencement of this action, defendants had not received any money from the sale of the goods mentioned in the complaint, they must find against plaintiffs and for defendants. (*Nat. Trust Co.* v. *Gleason*, 77 N. Y. 400.) Under the circumstances, defendants were entitled, as a matter of right, to an allowance of their counter-claim against any recovery on plaintiff's claim. (*Pratt* v. *Collins*, 20 Hun, 126; *Stacey* v. *Deey*, 7 Term. R., note *c*; *Carr* v. *Hinchcliff*, 4 B. & C. 547.) The mere knowledge of the existence of a special partnership, wherein Herman Rosenberg was interested, does not change the rule. (*Moore* v. *Clennenston*, 2 Camp. 22.) To deprive defendants of their right of set-off herein, it must have been shown, and was not, that in this particular transaction, Rosenberg was acting on behalf of the firm, and defendants had knowledge, or good reason to believe, that he was so acting. (*Hogan* v. *Short*, 24 Wend. 462.)

*Theron G. Strong* for respondents. There could be no controversy over, the amount received, because the terms upon which they were authorized to sell were definite, and they informed the plaintiffs that they had sold the goods presumably as authorized. (*Allen* v. *Brown*, 44 N. Y. 228; *Gray* v. *Murray*, 3 Johns. Ch. 167.) The defendants are clearly estopped from denying the sale and receipts of the proceeds. (*Ackley* v. *Dygart*, 33 Barb. 176; *Voorhis* v. *Olmstead*, 66 N. Y. 113; *O'Leary* v. *Board*, 93 id. 1.) The motion to dismiss the complaint, on the ground that no special partnership was legally formed under the Virginia Code, and that the action should be in the name of the general partner alone, was properly denied. (Va. Code, § 4.) If the defendants did not know that the partnership was formed, they had a right, under the authorities, to offset against the proceeds of the goods in their hands the individual indebtedness of Rosenberg to them. If, however, they did know of the formation of the partnership, they would not have this right. (*Pratt* v. *Collins*, 20 Hun, 126; *Menagh* v. *Whitwell*, 52 N. Y. 146; *Atkins* v. *Saxton*, 77 id. 195, 199; *Falkland* v. *St. Nicholas' Bk.*, 84 id. 245.) The defendants, so far as Rosenberg is concerned, did not even show themselves to be judgment creditors, and, therefore, not even as having taken the first step toward exhausting their remedy against him, and if they had brought suit against him to set aside the assignment, or to attack it as fraudulent, they would have had no standing. (*Southard* v. *Benner*, 72 N. Y. 424; *Thurber* v. *Blanck*, 50 id. 80.)

Andrews, J. The jury found upon evidence which justified the submission of the question to them, that the defendants, when they received the goods, had notice that they belonged to a special partnership, doing business under the name of "H. Rosenberg," and were not the individual property of Rosenberg. Upon this finding it is plain that there was no right to set off the individual debt of Rosenberg, against the plaintiff's claim. It is insisted, however, that the trial judge improperly excluded certain questions put to the plaintiff Rosenberg, re-

lating to the disposition by his general assignee for the benefit of creditors of the assigned property, under his assignment of January 18, 1882, by which it was sought to prove that the assigned property in whole, or in part, constituted the contribution of the special partner to the capital of the special partnership formed between the assignor Rosenberg, and his sister, Mrs. Bottigheimer, February 2, 1882. It is also insisted that the judge erred in excluding other questions put to Rosenberg, as to the consideration of the indebtedness of about $4,000 for which Mrs. Bottigheimer was preferred in the assignment, and questions relating to the management of the special partnership, and as to who received the profits of the business. The defendants in their answer alleged in substance that the pretended special partnership was a mere sham, and that Rosenberg was in fact the sole person interested in the business and assets, and that the partnership was resorted to as a mere cover to prevent his creditors from reaching his property. If these facts had been established the right of set-off attached. The questions excluded should, we think, have been allowed upon this issue. They were not objected to or excluded upon any suggestion as to the order of proof, but on a general objection, no special ground being specified. If the answers had disclosed that there was no debt owing to Mrs. Bottigheimer from Rosenberg when his assignment was made; that the assigned property was transferred to her by the assignor in pretended payment of this fictitious debt, and that Rosenberg acted nominally as her agent in the transaction, and that immediately thereafter the special partnership was formed, and this property was put in as the capital of the special partner, and that Rosenberg received and appropriated the profits of the business; it cannot be said that these facts were not relevant to the issue tendered by the answer as to the real ownership of the consigned goods. In passing upon the exception the defendants are entitled to the presumption that the answers to the excluded questions, if allowed, would have tended to establish the facts upon which they relied, and to which the questions pointed. The claim that the defendants cannot in

this action assail the *bona fides* of the assignment of Rosenberg, under the rule that a creditor at large cannot, before reducing his claim to judgment, maintain an action to set it aside as fraudulent (*Southard* v. *Benner* 72 N. Y. 424), is not tenable. The defendants are not seeking to set aside the assignment. Being called upon to pay a debt, they answer that they have a counter-claim against one of the plaintiffs, and that he is the sole party interested in the claim which is sought to be enforced against them. The assignment has been executed, and we see no principle which precludes the defendants from showing that the property which went into the special partnership, was his, and that the pretended transfer by the assignor to Mrs. Bottigheimer was a mere cover for Rosenberg. For the error in rejecting the answers to the questions referred to, the judgment should be reversed.

All concur.

Judgment reversed.