### STOWELL *v.* AMERICAN CO-OPERATIVE RELIEF ASS'N.

*(Supreme Court, General Term, Fourth Department.* April, 1889.)

1. VERDICT—EVIDENCE TO SUSTAIN.

   The verdict of a jury on a question of fact will not be set aside where the evidence is conflicting, except where the verdict is so clearly against the weight of the evidence as to indicate that it is the result of passion, prejudice, or mistake.

2. DURESS—PROVINCE OF JURY.

   The question whether a release of plaintiff's claim, held by defendant, was obtained by duress, by threats to arrest plaintiff's husband for a crime, as alleged by plaintiff, is for the jury, under proper instructions, when defendant denies having made the threats.

3. WITNESS—PHYSICIANS.

   One who seeks to exclude the evidence of a physician, under Code Civil Proc. N. Y. § 834, which prohibits physicians from disclosing information obtained by them while attending a patient in a professional capacity, must show facts bringing the case within the statute; and, where the physician testifies that he was not acting in a professional capacity when he obtained the information, and the contrary is not shown, his evidence is properly admitted.

Appeal from circuit court, Lewis county.

Action by Josephine E. Stowell against the American Co-operative Relief Association. A certificate of membership issued by defendant association, which certified that Oscar Bishop was a member of such association, and that the plaintiff, her heirs and assigns, would be entitled upon his death to the proceeds of one full assessment upon the members of said association, according to its by-laws and regulations, not exceeding $3,000, provided such member should have paid all dues and assessments and complied with all the requirements of such association, and provided the statements and declarations made by him in his application and physician's examination should be found correct and true; otherwise the certificate should be void, and all payments made by such member should be forfeited to the defendant. The application and physician's examination, which were signed by said Bishop, contained the following questions and answers: "(11) Are the functions of the abdominal and urinary organs in healthy conditions? Yes. * * * (23) Is the general appearance that of health and vigor? Yes. Has the person proposed

ever had any of the following diseases? State full particulars. * * *. Disease of the urinary organs? No." Bishop died January, 1884, and due proofs of his death were furnished to the defendant. The plaintiff was his daughter. The answer contained denials of a portion of the allegations of the complaint, and then alleged that such certificate was obtained by fraud; that the representations in such application that the functions of the decedent's abdominal and urinary organs were in healthy condition, that he never had any disease of the urinary organs, and that he was generally healthy and vigorous, were false and untrue; that they were made with an intent to mislead and deceive the defendant, and induce it to accept him as a member of the defendant association. It was also alleged that after the death of said Bishop, and before the commencement of this action, the defendant paid the plaintiff $500, in full satisfaction and settlement of all claims which the plaintiff had against the defendant under or by reason of such certificate, and that that sum was accepted by the plaintiff in full satisfaction and settlement of such claim. After the death of the decedent, and after proof thereof was furnished by the plaintiff, the defendant made an assessment upon its members, and collected thereon the sum of $2,505.67. It thereupon sent to the plaintiff a receipt for $2,111.53 to be signed by her, accompanied by a letter stating that upon signing such receipt and returning it to defendant a draft would be sent for the amount. The receipt was signed and returned, but the draft was not sent. The reason assigned was that the defendant had been informed that the certificate had been obtained by fraud. The case was three times tried. The last trial resulted in a verdict for the plaintiff for the amount realized on such assessment, with interest. Defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Wm. F. Porter* and *Henry E. Turner,* for appellant. *Isaac D. Garfield,* for respondent.

MARTIN, J. Only two questions are presented on this appeal which bear upon the plaintiff's right of recovery, which are: (1) Were the statements contained in the application upon which the certificate in suit was issued, as to the health of the deceased, untrue? (2) Was there a valid settlement of the plaintiff's claim? Upon the first question much evidence was given on the trial. The evidence introduced by the defendant tended to show that when such certificate was obtained, and when the application therefor was made, the decedent was, and for a considerable time prior thereto had been, afflicted with diabetes, which he well knew, and that this disease was the cause of his death. On the other hand, the evidence introduced by the plaintiff was to the effect that the decedent never had diabetes, and that his death was not the result of that disease. Upon this question there was a direct conflict in the evidence. The question was submitted to the jury by a charge in which the court very fully and fairly presented the evidence bearing upon it, and to which no exception was taken. It is a general rule that a new trial will not be granted on the ground that the verdict is against the weight of evidence, where the testimony is contradictory. It is only where the verdict is so clearly against the weight of evidence as to furnish proof that the jury were influenced by passion, prejudice, or mistake that it should be set aside. It is not enough that the court would have reached a different conclusion. From a careful study of the evidence, we are satisfied that the verdict was not so clearly against the weight of evidence upon this question as to justify a reversal of the judgment.

This leaves for consideration on this branch of the case the question as to the validity of the settlement between the parties. After the plaintiff's claim had matured the secretary of the defendant had an interview with her husband, and subsequently with her, which resulted in his paying her the sum of $500, in her giving a receipt in full for her claim under this certificate, and

in his taking the certificate issued by the defendant.   The effect of this receipt is sought to be overcome by evidence that it was obtained by threats that the defendant would cause the arrest of plaintiff's husband for obtaining such certificate by false pretenses, unless she signed such receipt.   The evidence given on the part of the plaintiff was to the effect that the defendant's secretary, who obtained this receipt, stated to the plaintiff that her husband had been guilty of a crime, and, unless she signed the receipt he would be arrested; and that she would not have signed such receipt except for such threats.   The defendant's evidence was to the effect that no such threats were made.   This question was submitted to the jury, and the court charged: "It is only when the will is coerced by threats that she can be said to have been intimidated so as to amount to fraud and relieve her from the consequence of her act.   In the language of the authorities, her will must have been constrained and overpowered by the threat of arrest, or whatever form the intimidation that is attempted to be practiced may be."   Upon the evidence, and under these instructions, the jury found in favor of the plaintiff.   The question whether this receipt was obtained by duress was a question of fact, and properly submitted to the jury.   *Dunham* v. *Griswold*, 100 N Y. 224, 3 N. E. Rep. 76.   We think the evidence was sufficient to justify the finding of the jury upon this question, and that the verdict should be upheld.   This conclusion is sustained by the principle of the following authorities: *Eadie* v. *Slimmon*, 26 N. Y. 9; *Haynes* v. *Rudd*, 30 Hun, 237, 102 N. Y. 372, 7 N. E. Rep. 287; *Fisher* v. *Bishop*, 36 Hun, 112, 108 N. Y. 25, 15 N. E. Rep. 331; *Schoener* v. *Lissauer*, 107 N. Y. 111, 13 N. E. Rep. 741.

The appellant also contends that the amount of the recovery was excessive; that by virtue of its by-laws, made subsequent to the issuing of the certificate in suit, the plaintiff should have received only five-sixths of the amount of the verdict rendered, which was for the amount of one full assessment.   On the motion for a new trial herein the learned trial judge thoroughly examined this question, and delivered a full and exhaustive opinion thereon, in which we concur.   We think his conclusion, that the plaintiff was entitled to recover the amount of one full assessment, instead of five-sixths of that amount, was correct.

On the trial Dr. Stowell, the son-in-law of the decedent and the husband of the plaintiff, who was called as a witness for the plaintiff, was permitted to testify as to what occurred between the decedent and Dr. Wolcott.   This evidence was objected to upon the ground "that the witness was incompetent, under section 834."[1]   The court thereupon held that, as it did not appear that the witness was the physician of the decedent at that time or that he went there for the purpose of being enabled to prescribe for him, he could not exclude the evidence.   To this ruling the defendant excepted.   The witness testified positively that he was not there in his capacity as a physician, and the evidence was sufficient to sustain the conclusion of the court that the witness was not there in his professional capacity.   "When a party seeks to exclude evidence under this section, the burden is upon him to bring the case within its purview.   He must make it appear, if it does not otherwise appear, that the information which he seeks to exclude was such as the witness acquired in attending the patient in a professional capacity, not only, but he must also show that it was such as was necessary to enable him to act in that capacity."   *People* v. *Schuyler*, 106 N. Y. 298, 304, 12 N. E. Rep. 783; *Edington* v. *Insurance Co.*, 77 N. Y. 564.   We do not think that this exception was well taken.

We have examined all the other exceptions of the defendant to the admission or rejection of evidence to which our attention has been called even in

---

[1]This section prohibits physicians from disclosing information obtained while attending a patient in a professional capacity.

the most general manner, and have found none that seem to require special consideration, or would justify a reversal of the judgment herein.  Judgment and order affirmed, with costs.

HARDIN, P. J., concurs.

MERWIN, J.  I concur, except I think the recovery should be limited to five-sixths of the amount.