By the Court.—O’Gorman, J.
This action is brought by the plaintiff to recover damages against the defendant company, for injury inflicted on her *501 by reason of the negligence of the conductor on one of defendant’s cars in starting it suddenly while plaintiff was alighting, whereby plaintiff was personally injured and incurred pecuniary loss.
A verdict was rendered in favor of the plaintiff for $2,513.86, and judgment entered thereon. The defendant moved for a new trial, which motion was denied and appeal was taken. Appeal was also,' taken from the judgment.
An important question to be considered now is, was error committed at the trial in the rejection of certain testimony offered on the part of the defendant of a statement made by the plaintiff to the witness, Dr. Ewing, of the circumstances of the accident.
The counsel for the plaintiff contends that it was inadmissible, under section 834 of the Code of Civil Procedure, as calling for the disclosure of information which the witness acquired in attending his patient (the plaintiff) in a professional capacity.
The material facts as they appear in evidence are these :—
A few days after the accident occurred to the plaintiff, and while she was under the care and professional attendance of Dr. Rider, a person came to plaintiff”s house, and sent to her a message by her servant that a gentleman would like to see her. The plaintiff came to him in her parlor and he gave his name and said that he came on behalf of the Broadway and Seventh Avenue Railroad Company, learning that she had been injured. She asked him to walk back to her rear room. He did so, and there met Dr. Rider who was a lady physician. He had some conversation with the plaintiff as to the circumstances of the accident, and proceeded, in company with Dr. Rider, to examine the plaintiff’s knees. He moved the knee pans, then examined her side, which was bared for the purpose, and felt the edges of the ribs to their full extent. After *502 finishing this examination, and assuring himself that there was no fracture of any rib, witness and Dr. Rider withdrew into the parlor.
He deposed that when he saw the plaintiff he gave her to understand that he came on behalf of the railroad company. He also said—“ Mrs. Heath gave me the particulars of the accident in reply to questions of mine.”
There is no substantial variance between the testimony of the plaintiff and that of Dr. Rider and Dr. Ewing on this subject. The plaintiff deposed that her doctor (Rider) brought Dr. Ewing into the plaintiff’s room. She does not remember whether Dr. Ewing told her his business. She was in pain at the time he carné. She did not send for him. Some one told her that he said that he came from the railroad and she must see him.
There is no evidence that Ewing prescribed for the plaintiff, consulted with the plaintiff’s doctor, or gave her any professional advice or suggestions as to the treatment of the plaintiff’s case, or gave, by word or deed, any reason to believe that he intended to render any professional service to the plaintiff. On the contrary, the evidence shows that his purpose and object were to procure for his employer, the defendant company, exact information about the extent of the plaintiff’s injury, and to elicit from her admissions as to the circumstances of the accident, and to place the information thus procured at the disposal of the defendant company, by whom he was employed.
Ewing testified that it was the intention of Dr. Rider to call in a surgeon in whose hands the case was to be placed. But it does not appear that there was any thought of seeking any professional assistance from Ewing.
In these facts I can see nothing to support the contention that Ewing was, at any time, attending *503 the plaintiff in a professional capacity, or that the information acquired by him, as to which he was called on to testify, was acquired in attending plaintiff as a patient, or was necessary to enable him to act in a professional capacity.
In order to enforce the prohibition against disclosure, contemplated by the statute, it is necessary that these essential conditions should exist, and I do not find any authoritative decision of our courts that does not require them. The burden of proving the prohibition against disclosure, by the witness, is on the party claiming the prohibition to exist. People v. Schuyler, 106 N. Y. 298, 304; Edington v. Ætna Life Ins. Co., 77 Ib. 564; Stowell v. American etc. Co., 5 N. Y. Supplement, 235.
The authorities cited on behalf of the plaintiff on this subject do not seem to me to sustain her conclusion. In Renihan v. Dennin, 103 N. Y. 577, 578, the physician, whose testimony was admitted, was called in by the attending physician and went in a professional capacity to see the patient. He did not thrust himself into the presence of the patient or intrude there—he was called in by the attending physician.
In the case at bar, Ewing was not called in by Dr. Rider, or by any one else, on behalf of the plaintiff, and was' to all intents and purposes an intruder.
For the reasons stated, and inasmuch as the admissions or declarations of a party, if material to the issue, are always admissible against him, the exclusion of the testimony cannot be justified- on the ground that the witness was a physician. It was clearly relevant to the issue, and, if the answer of the witness had shown that the plaintiff had made to the doctor a statement inconsistent with the testimony given by her on the trial, it would have been quite material.
*504 Under the doctrine laid down in Rosenberg v. Block, 102 N. Y. 255, 259, we must presume that the answer to the excluded question, if the question had been allowed, would have related to some material fact. The result is that the exclusion of the testimony must be held to have been error.
The appellant also complains that the condition of the plaintiff about a year after the accident, in consequence of an abscess which then appeared, was not connected with the accident with sufficient certainty to authorize the jury to take it into account in assessing damages.
The medical testimony on this point was admissible under the decision of Turner v. The City of Newburgh, 109 N. Y. 301, and it was sufficient to go to the jury for what it was worth.
And, inasmuch as the jury were expressly instructed not to give damages on account thereof, unless they were reasonably certain that the abscess was caused by the fall of the plaintiff from defendant’s car, the rights of the defendant were fully protected.
There are other questions in the case which it is not necessary to discuss.
For the error committed in the exclusion of the testimony hereinbefore referred to, the judgment and order appealed from should be reversed and a pew trial ordered, with costs to abide the event.
Freedman, J., concurred.