[Criminal No. 72. Filed September 29, 1892.]

## TERRITORY OF ARIZONA, Plaintiff and Respondent, v. DANIEL B. SHANKLAND, Defendant and Appellant.

1. APPEAL AND ERROR—MOTION FOR NEW TRIAL—ASSIGNMENTS OF ERROR—SUFFICIENCY—REVIEW OF EVIDENCE.—The motion for new trial assigns as reason therefor, "The verdict is contrary to the law and the evidence," and the ninth assignment of error is, "The court erred in overruling the motion of defendant for a new trial for reasons stated in the motion." This brings the evidence before us for consideration. Evidence reviewed and held sufficient to support the judgment.

2. TRIAL — CONTINUANCE — COUNTER-AFFIDAVITS. —Counter-affidavits to those in support of an application for a continuance may be allowed.

3. VENUE—CHANGE OF—DISCRETIONARY—REV. STATS. ARIZ. 1887, PAR. 1568, PENAL CODE, CITED—APPEAL AND ERROR—REVIEW—ABUSE OF DISCRETION.—A motion for a change of venue is addressed to the discretion of the trial judge. Paragraph 1568, *supra,* cited. It is competent for this court to look into the whole case, upon review of such motion, based upon the ground that the applicant cannot have a fair and impartial trial, to determine whether the exercise of discretion was wrongful and to the prejudice of the defendant, and when it appears that the evidence leaves no doubt as to the legal guilt of the defendant, and the defendant did not exhaust his peremptory challenges before he accepted the jury, though ordinarily the showing made for the change would have required a reversal for abuse of discretion in its refusal, the judgment will be affirmed.

4. JURY—APPEAL AND ERROR—CHALLENGES—HARMLESS ERROR.—The refusal of a proper challenge for cause is not reversible error when there remain unexhausted challenges at the time of going to trial.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

W. H. Barnes, and J. H. Martin, for Appellant.

The court erred in permitting counter-affidavits to be filed by the prosecution on motion of defendant for a continuance. *Bishop* v. *State,* 9 Ga. 121; *State* v. *Simien,* 30 La. Ann. 296; *Jackson* v. *Mason,* 1 Dall. 135; *United States* v. *Caldwell,* 2 Dall. 333; *Symes* v. *Irvine,* 2 Dall. 383; *Cook* v. *Burnley,* 11 Wall. 669; *Miller* v. *State,* 29 Neb. 437, 45 N. W. 452; *Hair* v. *State,* 14 Neb. 503, 16 N. W. 829; *Williams* v. *State,* 6 Neb. 334; *Johnson* v. *Dinsmore,* 11 Neb. 391, 9 N. W. 558; *Gandy* v. *State,* 27 Neb. 707, 43 N. W. 747.

The application for change of venue should have been granted. Application verified by affidavit may be rebutted by the territory, but if the court is satisfied that the representation is true, an order for removal must be made. The words "if the court is satisfied" must be held to mean if the court from the showing ought to be satisfied. The court cannot arbitrarily say, "I am not satisfied." If there be such a showing as clearly makes out the truth of the representation then the court must grant the change and not to do so is error. Rapalje's Criminal Procedure, 158; *Johnson* v. *Commonwealth,* 82 Ky. 116; *People* v. *Long Island R. R. Co.,* 4 Park. 602; *State* v. *Andrews,* 76 Mo. 101; *Richmond* v. *State,* 16 Neb. 388, 20 N. W. 282; *People* v. *Mahony,* 18 Cal. 180; *People* v. *Schouler,* 28 Cal. 490; *State* v. *Nash,* 7 Iowa, 347; *O'Neal* v. *State,* 14 Tex. App. 582; *State* v. *Burbeck,* 29 Kan. 532; *State* v. *Kelly,* 2 N. Y. 292.

The court in refusing to allow the challenge to the jurors Turner and Gibson was clearly in error. Both had formed opinions as to defendant's guilt or innocence. Each said that nothing but sworn evidence would change the opinion. Gibson announced the opinion that defendant killed the deceased. Eleven of fourteen challenges were exhausted. In such a case to force the defendant to use two of these on these two persons (jurors) was error. *Wannesheik Ins. Co.* v. *Schuller,* 60 Ill. 473; Marshall, in Burr's Trial, 1-416; Dissent of Dickey, J., in *Robinson* v. *Randall,* 82 Ill. 524; *People* v. *Bodine,* 1 Denio, 9; *Freeman* v. *People,* 4 Denio, 9, 47 Am. Dec. 216; *People* v. *Stewart,* 7 Cal. 140; *Brown* v. *State,* 57 Miss. 15; *Stewart* v. *State,* 13 Ark. 720.

A juror whose opinion is such as to require evidence to re-

move it is disqualified. *Nelms* v. *State,* 13 Smedes & M. 500, 53 Am. Dec. 94; *People* v. *Gehr,* 8 Cal. 353; *Cotton* v. *State,* 31 Miss. 509.

William Herring, Attorney-General, and Allen R. English, for Respondent.

The granting or refusing a continuance is purely discretionary. *People* v. *Gaunt,* 23 Cal. 157; *People* v. *Williams,* 24 Cal. 31; *People* v. *Jocelyn,* 29 Cal. 562; *People* v. *Jackson,* 111 N. Y. 362, 19 N. E. 54.

If the facts shown cast suspicion on the good faith of application, and induce suspicion of intent of delay, court does not abuse discretion in denying it. *People* v. *Mortimer,* 46 Cal. 114.

Facts should also be set out from which the court can judge whether there is reasonable ground to believe that the attendance of the witness or his testimony can be procured at a future day. *People* v. *Francis,* 38 Cal. 183; *People* v. *Ashnauer,* 47 Cal. 98.

If the evidence would be no defense the motion should be denied. *People* v. *Williams,* 43 Cal. 344.

The court properly refused to change the venue. Our whole law relating to the change of venue is taken from the California statute (Cal. Pen. Code, secs. 1033, 1038). And the courts there have settled the question presented by the record, arising on a construction of the language used in our paragraph 1567, regarding the sufficiency of the showing. In *People* v. *Fisher,* 6 Cal. 154, and in the later case of *People* v. *Yoakum,* 53 Cal. 566, the court says: "Affidavits upon motion for change of venue must state facts and circumstances from which the court may deduce the conclusion that a fair and impartial trial cannot be had. Such conclusion is to be drawn by the court, and not by the defendant and his witnesses, and the court must be satisfied by the facts and circumstances positively sworn to in the affidavits, and not from the general conclusion to which the defendant may swear, or which the witnesses may depose they verily believe to be true."

And it is again said that an affidavit that a jury cannot be selected from a certain portion of the county is insufficient.

*People* v. *Baker,* 1 Cal. 403. Neither will a statement gen-
·erally that the people of the county are prejudiced against
the defendant. be sufficient. *People* v. *Shuler,* 28 Cal. 490.
Neither is the mere belief or opinion that he cannot have a
fair and impartial trial in the county sufficient. *People* v.
*Congleton,* 44 Cal. 95; *People* v. *Perdue,* 49 Cal. 427.

The ruling of the court was right in refusing challenges to
the jurors mentioned by appellant. Of course, they knew
that Dr. Willis was dead. The question is whether they had
formed or expressed an unqualified opinion as to whether the
defendant was guilty or not of the charge of murder. "An
opinion formed or expressed is not sufficient to disqualify."
Ariz. Pen. Code, par. 1629. But if error, it was not preju-
dicial, because they did not exercise all their peremptory
challenges. *People* v. *McGungill,* 41 Cal. 429; *People* v. *Gate-
wood,* 20 Cal. 149; *People* v. *Gaunt,* 23 Cal. 156; *People* v.
*Weil,* 40 Cal. 268; *Fleeson* v. *Savage M. Co.,* 3 Nev. 157; *State*
v. *Raymond,* 11 Nev. 98.

GOODING, C. J.—The evidence in this case is before this
court, brought here by the eleventh assignment of error, and
has been carefully read and considered.

That the defendant shot and killed the deceased at the time
and place alleged in the indictment was clearly proven, and in
fact is not disputed on the part of the accused.

The only issue going to the merits of this case is well ex-
pressed in the brief of the appellant in these words:—

"On the trial the issue was whether the defendant shot in
self-defense or not; if he did, he was justified,—if not, he was
guilty of murder."

This being the admitted issue, and the only one affecting
the merits, we have carefully read all the evidence to ascer-
tain its force and weight bearing on this particular case. The
evidence discloses the fact that deceased, Dr. Willis, had just
seated himself in his buggy when the defendant approached
and without a word of warning reached over the dashboard
with a gun—or a pistol, more accurately speaking—and shot
the deceased, inflicting a mortal wound. That while deceased
was falling, the defendant shot a second time; and after he had
fallen at least two or three more times at him and then walked

away. No word passed between defendant and deceased. These facts are established by credible and disinterested eye-witnesses.

Only two of these five shots took effect. The shooting occurred between three and four o'clock in the afternoon, and death ensued about six o'clock of the same afternoon. There was no evidence tending to show self-defense except the unsupported evidence of the defendant. He testified to a peculiar look given him by the deceased, and that deceased put his hand to his hip-pocket as if to draw a revolver. No other witness saw the peculiar look, or the reaching for the hip-pocket, or any act or fact that tended to show an attempt on the part of the deceased to draw a pistol or make any assault on the defendant. There was no evidence that the deceased had a pistol at the time; none was found on his person or at the place of the homicide. There is not a shadow of evidence that the defendant was in the least danger except the evidence of the defendant. The deceased had just entered his buggy to drive away, when he was approached by the defendant and shot as above set forth.

A number of witnesses, too, testified to threats made by the defendant that he would kill the deceased. There was also evidence of threats made by the deceased, communicated to the defendant, and very strong evidence by the defendant himself, often repeated, that the deceased made a move towards his hip-pocket, and also of warning by the deceased to defendant not to speak to him again. This warning was, however, some days before the shooting; but the evidence clearly establishes that the defendant sought the deceased, and, without a word passing, put his revolver over the dashboard of the buggy and shot the deceased, giving a mortal wound, and then shot a second time as the deceased was falling out of the buggy, and then three more shots after he had fallen.

Immediately after the shooting the defendant was arrested by George Braven, and Braven said to him, "Dan, what in h—l did you do that for?" His reply was, "I have been having trouble with the s—of a b—." No word of "self-defense" or "attempt on the part of the deceased to get a pistol out of his pocket."

We deem it unnecessary to discuss all the evidence in the

case.  Counsel concede that if the defendant did not shoot in self-defense he was guilty of murder.

The motion for a new trial assigns eleven grounds or reasons therefor.  The eleventh reads as follows: "The verdict is contrary to the law and the evidence."  The ninth assignment of error, is as follows: "The court erred in overruling the motion of defendant for a new trial for reasons stated in the motion."

This brings the evidence before us for consideration.  We think the evidence establishes the guilt of the defendant beyond a reasonable doubt, and that the killing was deliberate and cold-blooded.

This is the case on its merits.  Was, then, the error on the trial prejudicial to the defendant?  We shall only consider such errors as are referred to in the appellant's brief.

The defendant filed his motion for a continuance based on his disability to go on with the trial by reason of ill-health and also on account of the absence of Mrs. James, setting forth what he expected to prove by her, viz., threats made and communicated, and the fact that the now deceased, Dr. Willis, was armed at the time.  In support of this motion he filed his own affidavit and that of his physician.  Counter-affidavits were allowed as to the health of the defendant, and as to what Mrs. James had sworn on the former trial.

We think the record of the case, as well as the affidavit of the physician who examined him, clearly shows that the defendant was able physically and mentally to pass the ordeal of the trial.  The fact that he refused to be examined by a second physician, in connection with the history of the trial, and the affidavit of the one who did examine him, leaves no doubt in the mind of this court that there was no merit in the application for a continuance on this ground.  We simply hold that in some cases counter-affidavits may be allowed, and this case is one in which they were properly allowed.

As to the evidence of Mrs. James, the defendant testified that threats were made to her, what they were, and that she communicated them to him, and the fact that Willis the deceased was armed at the time.  But in view of the fact that substantially the same threat was communicated to the defendant by McMahon, and the utter absence of any facts

tending to show that the defendant was in the least danger, or in any position that would have caused a reasonable man to believe that he was in danger, at the time the fatal shot was fired, we cannot say that there was such error, if any, as to justify the reversal of this case on account of the refusal to grant a continuance for the presence of Mrs. James. Besides, the affidavit of Mrs. James was not produced in the hearing of the motion for a new trial.

Another ground insisted upon for a reversal is the refusal of the court to grant a change of venue.

The showing in this respect is much stronger than the showing for a continuance. There were a large number of jurors excused for bias, and the affidavits showing excitement and prejudice were sufficiently numerous and of such character as might have caused the court to believe it altogether probable that the verdict might have been influenced thereby, had the evidence in the case left any room for such a conclusion. This motion, like a motion for a continuance, is addressed in the first instance to the discretion of the trial judge.

The statute provides (Pen. Code, sec. 1568) : ''If the court is satisfied that the representation of the defendant is true, an order must be made for the removal of the action to the proper court of a county free from a like objection.'' In a case where it appears that this discretion was abused to the prejudice of the defendant, the court would feel called upon to review the case. We think, however, it is competent for this court to look into the whole case, at least when the entire case is before it by assignment of error, to determine whether the exercise of discretion was wrongful and to the prejudice of the defendant. If the evidence in the case left room for any doubt as to the legal guilt of the defendant, we would be constrained to hold that in the showing made by the affidavits the discretion of the court below had not been properly exercised.

In the case of *Hyde* v. *State*, 16 Tex. 459, 67 Am. Dec. 630, when considering a question of wrongful exercise of discretion in refusing a motion for continuance,—and we think the language is applicable alike to a refusal to grant a change of venue,—the court says: ''But in considering the case upon appeal, when the motion for a new trial brings before us a statement of the evidence upon the trial, we do not feel bound

to shut our eyes wholly to the facts of the case, in considering whether the judgment ought to be reversed for the refusal of the court to grant a continuance. If, upon the trial there had appeared to be cause to apprehend that a continuance was improperly refused, a new trial must have been granted.

"But if, on the contrary, it very satisfactorily appears that the application for a continuance could not have been well founded in fact, it must afford an additional reason for refusing a new trial, or to reverse the judgment on that ground. We forbear comment upon the evidence. It may suffice to say that several witnesses, who were eye-witnesses of the homicide, had ample means and opportunity of seeing and observing all that passed, and could not be mistaken as to the author of it, testified positively as to the fact, with such circumstantial particularity, and just such diversity as to immaterial matters as to show that there was no collusion; and such perfect unanimity as to the material facts, which were calculated to make a strong, abiding impression upon the memory, as to show that they were not and could not be mistaken.

"It thus appears that there were other witnesses than those named in the affidavit by whom all the facts and circumstances attending the fatal scene could be abundantly proved; that the witnesses whose testimony was sought could not, if present, have testified to the truth of the fact proposed to be proved by them, and that the affidavit for continuance, therefore, was not entitled to credit. We have thus looked into the evidence upon the motion for a new trial, which necessarily brings it under review, and we advert to it, not as a ground for affirming the judgment of the court refusing a continuance, but as placing it beyond doubt that no injustice could have been done the defendant by refusing his motion, which was rightfully refused, on the ground of its want of legal sufficiency."

We cite the above as an authority that the court did not err in refusing a continuance, and also to the point that the evidence may be considered in passing on the question when there was reversible error in the refusal to grant a change of venue.

The record shows that there still remained to the defendant three peremptory challenges at the time he accepted the jury and went to trial. While this fact is perhaps not conclusive,

it is a fact which this court may consider, in connection with the overwhelming evidence of guilt, in determining whether the discretion exercised by the trial judge was such an abuse of discretion as to call for a reversal in this case, and award a new trial in another county. On a review of the whole case, we do not see how any jury in any county, on the evidence in the case, could have found any other verdict, unless it would be a verdict of guilty of murder—instead of manslaughter.

It is further complained that the court erred in refusing to allow the challenges to the jurors Gibson and Turner. As we have before stated, the defendant had three peremptory challenges at the time of going to trial. If the court had erred as to those jurors, the remedy was in the hands of the defendant.

That it is not reversible error to refuse a proper challenge when there remains unexhausted challenges at the time of going to trial. We cite the following as expressing the better law on this question. *Johnson* v. *State*, 27 Tex. 758; *State* v. *Raymond*, 11 Nev. 98; *People* v. *McGungill*, 41 Cal. 429; *People* v. *Galewood*, 20 Cal. 149; *Rosenberg* v. *Black*, 102 N. Y. 259, 6 N. E. 580.

After a careful consideration of the grounds for a reversal set out in the brief of the appellant, we have reached the conclusion that the judgment below should be affirmed.

It is therefore ordered that the judgment below be affirmed.