BRENNAN *v.* HALL *et al.*

*(Supreme Court, General Term, First Department.* December 31, 1891.)

PARTIES—INTERVENTION—ACTION OF INTERPLEADER.

On a petition to be made a party to an action of interpleader respecting a fund in court, it appeared that, prior to the trial, the defendants were aware of petitioner's claim to the fund, and also that the petitioner had knowledge of the action after the trial, but took no measure to assert her rights until after an affirmance of the judgment on appeal to the general term, and an appeal therefrom. *Held,* that the petition should be denied, as coming too late, and as being an indirect attempt to secure a new trial.

Appeal from special term, New York county.

Action of interpleader by Margaret M. Brennan, as administratrix of Mary H. Jarvis, deceased, against Susan E. Hall and William H. Clark, as trustees under the last will and testament of Washington A. Hall, and Anna B. Cavarly, respecting the proceeds of a bond and mortgage. Sarah A. Jarvis appeals from an order denying her petition to be made a party defendant. Affirmed. For prior report, see 14 N. Y. Supp. 864.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*Henry A. Rawcliffe, (Gilbert W. Minor,* of counsel,) for plaintiff. *Woolsey Carmalt,* for Sarah A. Jarvis. *Hatch & Warren,* for defendants Hall and Clark. *Holt & Butler,* for defendant Cavarly.

VAN BRUNT, P. J. This is an action of interpleader in respect to the proceeds of a certain bond and mortgage which have been paid into court to the credit of this action. The defendants Hall and Clark, trustees under the last will and testament of W. A. Hall, claimed these proceeds as the absolute owners of the bond and mortgage in question, by virtue of the assignment thereof to them, and denied any knowledge sufficient to form a belief as to any agreement having been made by their testator for the benefit of the plaintiff's intestate. These issues were tried before the court at special term, and, after hearing the proofs and allegations of the parties, judgment was rendered in favor of the plaintiffs for the proceeds of said bond and mortgage. From this judgment the defendants Hall and Clark appealed to the general term of this court, (14 N. Y. Supp. 864,) which was affirmed, and an appeal was taken to the court of appeals, and that appeal is still pending. Now one Sarah A. Jarvis makes this application to come in and be made a party to this action, upon the ground that the defendants hold the bond and mortgage in question for her benefit, and not for the benefit of the plaintiff's intestate. It appears that, prior to the trial of the action at special term, the defendants were apprised of the claim of Sarah A. Jarvis, the petitioner, and upon that trial sought to defeat the plaintiff by showing not only title in themselves, but also title in the petitioner. This latter defense was ruled out upon the ground that no such claim was set up in the answer. It further appears, by the affidavit of one of the defendants, that the defendants did not inform Jarvis of the action, or any of the issues or matters pending in this suit, until after the judgment at special term, and the petitioner states in her affidavit that she was not informed of the pendency of the action until after the trial at special term; but she nowhere states that she was not informed of the claims made on behalf of the plaintiff testatrix. Now, it appearing that the defendants have allowed this action to be tried, knowing of the claim of Sarah A. Jarvis, they are in no position to complain of any harm which may result to them by reason of allowing this action to proceed. Neither is the petitioner in a position to complain, because after having been informed of her rights she has allowed this case to go on, to be submitted to the general term, and to be decided, without making any intimation whatever of her claim, or her desire to be made a party to the action; and, after the plaintiff has succeeded at special and general terms, she seeks to come in

and reverse the judgments there rendered, and have a new trial, in order that her rights may be determined in this action. What might have been the result of an application made promptly (and, in view of the condition of the case, the greatest diligence was necessary) it is not requisite here to determine, but, having slept upon her rights, and having failed to make her application until after the argument of the appeal at general term, and its decision, and the taking of an appeal to the court of appeals, it seems to us that it would be depriving the plaintiff of the fruits of her diligence and victory to allow the petitioner to come in at this time, and require a retrial of the issues presented by her answer. The application seems to be an attempt to procure a reversal of a judgment by the special term, after it has been affirmed by the general term. We think that the order should be affirmed, with $10 costs and disbursements. All concur.