BRENNAN *v.* HALL *et al.*

(*Supreme Court, General Term, First Department.* June 12, 1891.)

1. WITNESS—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.
    In an action involving the question whether a mortgage executed to one J., and by him assigned to a third person, was assigned absolutely or for the benefit of one M., a witness who acted as counsel for J. in the execution and assignment of the mortgage may testify that the assignee told the witness that J. wanted him (the assignee) to take an assignment of the mortgage and hold it for M.; such statement not involving a professional communication between witness and J., within Code Civil Proc. N. Y. § 835, and it appearing that witness had never acted as counsel for defendants' testator.

2. SAME—COMMUNICATIONS NOT PRIVILEGED.
    In such case the witness may testify that J. (his client) directed him to make an assignment of the mortgage to the assignee for the benefit of M.; such direction not being a privileged communication, within Code Civil Proc. N. Y. § 835. Following *Martin* v. *Platt*, 4 N. Y. Supp. 359; *Greer* v. *Greer*, 12 N. Y. Supp. 778, 58 Hun, 251.

3. SAME—SCOPE OF OBJECTION.
    An objection to testimony as to a conversation between the witness and two other persons, concerning a transaction in which the witness acted as counsel for one of the parties to the transaction, on the ground that such testimony involved a communication from a client to his attorney, (Code Civil Proc. N. Y. § 835,) is too broad, since the objection includes also what was said by the other party, between whom and the witness the relation of attorney and client did not exist.

Appeal from special term, New York county.

Action by Margaret M. Brennan, as administratrix of Mary H. Jarvis, deceased, against Susan E. Hall and William H. Clark, as trustees under the last will and testament of Washington A. Hall, deceased, impleaded with Anna B. Cavarly. There was a judgment for plaintiff and defendants appeal.

Argued before VAN BRUNT, P. J., and LAWRENCE and DANIELS, JJ.

*Hatch & Warren,* for appellants. *Gilbert W. Minor,* for respondent.

DANIELS, J. This is an an action of interpleader to determine the title to a fund now on deposit with the Union Trust Company of the city of New York. The fund consists of the proceeds of a mortgage debt paid by Henry Korn to satisfy a bond and mortgage executed by him to Judson Jarvis, and by him assigned to Washington A. Hall, whose trustees are defendants and appellants in the action. The bond and mortgage were executed on the 14th of May, 1884, and the assignment was made on the following day. The debt secured was the sum of $13,500, besides interest. It was alleged on behalf of the plaintiff, who is the administratrix of the estate of Mary H. Jarvis, that the assignment to Washington A. Hall was for the benefit of this intestate, and that he received the assignment to enable him to assign the

same securities to her, while the trustees by their answer deny these allegations, and allege that by the assignment to him he became and was the owner of the bond and mortgage.

To prove the case presented for the plaintiff, reliance was chiefly placed upon the evidence of John H. V. Arnold, who had been attorney and counsel for Judson Jarvis, then deceased; and in that capacity the deed of the premises mortgaged, and the mortgage, also, were drawn by him, or under his direction. A day or two before they were drawn, this witness testified that a conversation took place in his office between Judson Jarvis and Mr. Hall, and the witness was asked to state that conversation. This was objected to on the part of the trustees on the ground that the witness was incompetent under sections 829 and 835 of the Code, and that there was not, and could not be, a waiver of the obligation of the witness not to disclose the conversation. This was overruled by the court, and the witness was allowed to relate the conversation. But, instead of then doing so, he related another conversation which he testified took place between himself and Mr. Hall on the 15th of May, the day after which the bond and mortgage were executed. This was further objected to as incompetent, as it had been merged in the written paper. But that was also overruled, and the counsel for the trustees excepted. The witness testified that on that morning Mr. Hall was in his office, and spoke to him about the bond and mortgage, and, recurring to the previous conversation, said: " 'Now, Jarvis wants me to take an assignment of this $13,500 bond and mortgage, and hold it for Mary,—Mamie, as they called Mary H. Jarvis, his wife,—and make an assignment hereafter to her.' He said to me: ' You know that Jud. and I are old friends. I am willing to do everything I can to accommodate him. I will take an assignment of this bond and mortgage of $13,500, and hold it for Mrs. Jarvis, and make an assignment to her whenever she wants it; but I hope Jud. will fix it up as soon as possible, for I am tired being bothered with his affairs.' " This evidence was entirely free from all legal exception, for it did not appear that the witness had in any instance been the counsel for Mr. Hall, nor did the statements refer to any future occasion when it was expected he would act as counsel for him; and as the witness was neither a party to the action, nor interested in its result, he was not incompetent, under section 829 of the Code of Civil Procedure, to give this evidence.

After giving that conversation, he was asked to detail the conversation between Judson Jarvis, Mr. Hall, and himself, and to that the objections previously urged were repeated, and also again overruled, to which the counsel for the trustees excepted. And the witness stated that Judson Jarvis came in with Mr. Hall, and said: " 'I want Mr. Hall to take an assignment of the bond and mortgage which Korn is going to give on 9, 11, and 11½ Forsyth street, for my wife. I want an assignment made out to him, and then he can assign it to Mrs. Jarvis when she wants it.' Mr. Hall did not want to do it,—objected to it. He said he would like to have these matters all closed up. Finally, he said he would do it to accommodate him." If the objection had been taken to what Judson Jarvis said, a different question might have arisen from that which has now been presented; for what he said did relate to a professional act to be performed for Judson Jarvis, who was the client of the witness. But the objections were to the conversation, and included as well what Mr. Hall said in it as what was said by Mr. Jarvis. The former was not the client of the witness, and, as the latter afterwards testified, never had been; and what he said the witness was competent to relate. The objections were too broad, for they included what was said by Mr. Hall, and for that reason were properly overruled. But beyond that the witness was also competent to prove that Mr. Jarvis directed him to make, or that he wanted him to make, an assignment of the bond and mortgage to Mr. Hall. The admissibility of directions given by the client to the attorney for the action of

the latter were held to have been regularly received as evidence from the attorney in *Mulford* v. *Muller*, * 40 N. Y. 31, 34. And that ruling was followed in *Hebbard* v. *Haughian*, 70 N. Y. 55, where it was said in the opinion that "the objection that the attorney by whom the deed of April 4th was prepared, could not give evidence of the direction he received from the parties, and of the transaction between them, was not well taken. He testified of facts within his own knowledge, acquired in the transaction of the business between the parties, and they were not communicated to him as an attorney to enable him to perform his duties to a client. Knowledge acquired under such circumstances is not within the class of privileged communications." Id. 62. And to the same effect are the cases of *Greer* v. *Greer*, 12 N. Y. Supp. 778, 58 Hun, 251; *Martin* v. *Platt*, 4 N. Y. Supp. 359; and *In re Austin*, 42 Hun, 516. Nor is *In re Coleman*, 111 N. Y. 220, 19 N. E. Rep. 71, in any respect opposed to these authorities; for what the attorneys were there held incompetent to state by way of evidence were conversations with the testator when they received instructions in reference to his will, (111 N. Y. 226, 19 N. E. Rep. 73,) which essentially differed from the authority intended to be conveyed by the interview between Mr. Jarvis and Mr. Hall, and in which the attorney was not even a participant. The case still more widely differs from *Root* v. *Wright*, 84 N. Y. 72, where the communications were directly with the attorney, and for his guidance in what he was employed to do, while it was in this case the conversation was wholly between Mr. Jarvis and Mr. Hall, to induce the latter to consent to become a party to, and receive, the assignment. The conversation was in no respect confidential, and its object was to influence the action of Mr. Hall, and not that of the attorney.

It was also competent for the plaintiff to prove that the object of the assignment was to enable Mr. Hall to make a further assignment to Mrs. Jarvis, the intestate. As much as that has certainly been conceded by the authorities. *Bitter* v. *Jones*, 28 Hun, 492; *Foote* v. *Bryant*, 47 N. Y. 544; *Norton* v. *Mallory*, 63 N. Y. 434. A trust was created for her benefit, which the statute relating to trusts in real estate has in no manner abridged. The evidence of Mr. Arnold was very direct in proof of the fact that the assignment was made, pursuant to the agreement between Mr. Jarvis and Mr. Hall, for the benefit of Mrs. Jarvis; and this was corroborated by the letters of Mr. Hall afterwards written to Mr. Jarvis. That of the 20th of November, 1884, assumes the right of the latter to collect the interest on the debt; and the letter of December 16, 1884, contains the statement that a check was sent with it for the interest, and a blank receipt also accompanied it, stating the interest to have been received from him, which had accrued on the bond secured by this mortgage.

The assignment made by Mrs. Jarvis of so much of the money secured by this bond and mortgage as would be sufficient to pay to Anna B. Cavarly the sum of $1,837.36, and which has been maintained by the judgment, is evidence of her understanding that she was entitled to the benefit of these securities, and had sanctioned the transaction through which Mr. Hall obtained his assignment; and the deposit ticket made out by Mr. Hall on the 22d of May, 1884, for the $728 and $10,000 received from Mr. Korn for the property, and the $1,646.42 from Mr. Arnold in the name of Mary A. Jarvis, also indicates the truth of the plaintiff's case. This was for a deposit made at that time in the Oriental Bank, of which Mr. Hall was the president, and it was connected with the sale of this property. An endeavor was made to overcome the effect of the evidence on the part of the plaintiff by proof that a preceding mortgage assigned to Mr. Hall by Prince & Whitely was held by him for the benefit of Sarah A. Jarvis, the mother of Judson Jarvis. A statement subscribed by Mr. Hall to that effect was offered in evidence, and excluded by the court as incompetent, to which the defendants excepted. But,

if this had been received, it could have had no effect on the disposition of the action; for it was made to appear that the mortgage mentioned in the memorandum was paid off by the money of Mr. Jarvis and his wife, and for that reason it did not and could not enter into the assignment of the mortgage in controversy to Mr. Hall.   The evidence could have been of no service even if it had been received.

A memorandum in the handwriting of Mr. Hall made on the envelope containing the bond and mortgage made by Mr. Korn, stating that "all the papers, bond and mortgage, assignments, etc., are the property of S. A. Jarvis," was offered by the defendants, and excluded, to which their counsel also excepted.   And that ruling is now justified by the plaintiff's counsel on the ground that the pleadings nowhere alleged Mrs. S. A. Jarvis to be the owner of this bond and mortgage.   But that objection was not made when the evidence was offered, and cannot now be considered.   But the offer itself was so limited as to justify the exclusion of this memorandum, although otherwise the defendants might have been entitled to have it received as evidence. 1 Greenl. Ev. (7th Ed.) § 120; *Schenck* v. *Warner*, 37 Barb. 258, 262–264. It was not as proof in favor of Mr. Hall, who died on the 5th of February, 1885, that the offer was made, but it was stated to be in favor of a third person.   Whom the third person was, the offer did not state, but it may be presumed from the memorandum that it was Sarah A. Jarvis.   And to give the memorandum in evidence in her favor would have been of no service to the defendants; for there was no other evidence offered in any form to prove that she had any interest in the bond and mortgage, or the debt which they evidenced and secured, or that she ever claimed such interest, and, without that additional proof, what was in this manner offered would have been of no advantage whatever to the defense.   The proceeds of the bond and mortgage were claimed only by the plaintiff as the administratrix of Mrs. Mary H. Jarvis, and by the trustees of Mr. Hall's estate, by virtue of the assignment to him, and this memorandum had no bearing as evidence on either of these claims, and, as it was offered, was foreign to the case.

There was no evidence from which it could have been held that the assignment was made by Mr. Jarvis to Mr. Hall to defraud the creditors of the former; and that point is consequently not in the case.   There were other objections taken during the trial, but they were all properly disposed of by the court.   The judgment seems to be right, and it should be affirmed, with costs.   All concur.