MARY S. BROOKS, Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant.

1. PERSONAL INJURY — TWO SEPARATE ACCIDENTS THROUGH NEGLIGENCE OF SAME PARTY — TRIAL OF ACTION FOR SECOND ACCIDENT AFTER RECOVERY OF JUDGMENT FOR FIRST ACCIDENT — MEASURE OF DAMAGES. Where a person who has received a personal injury through the negligence of another and has sued for damages therefor, claiming to have been permanently injured, receives another injury in a subsequent accident through the negligence of the same party and brings suit therefor, which is tried after the recovery of a judgment in the first action upon a general verdict, it is not open to the plaintiff, on the trial of the second action, to give proof of any claims covered by the first judgement, and he can recover only for such additional injuries as may be properly and legally attributed to the second accident.

2. MEASURE OF DAMAGES IN ACTION FOR SECOND ACCIDENT. In the action based upon the second accident the plaintiff, in addition to damages for any new injury the result of that accident, may also recover for any increase or aggravation of the old injuries by reason of the second accident; but when disability for a certain business or profession was involved in the trial of the first action and passed upon by the jury in the plaintiff's favor, it cannot be an element of damages in the second action,

although, if by the second accident the plaintiff became disabled in some other way and was incapacitated from doing something else that he could have done before and subsequent to the first accident, he may recover for such additional disability.

3. PLAINTIFF'S PHYSICIAN AS WITNESS — OPINIONS AS TO PERMANENCY OF INJURIES. On the trial of an action for personal injuries, subsequent to the recovery by the plaintiff of a judgment against the same defendant for a prior accident, a physician who had attended the plaintiff for both accidents gave testimony on behalf of the plaintiff tending to show that at the time of the second accident the plaintiff was gradually recovering from the effects of the first, but that the injuries in the second accident were likely to be permanent. The witness had given testimony on the trial for the first accident, tending to prove that the plaintiff's injuries in that accident were likely to be permanent. *Held*, that the defendant should have been permitted to show, if it could, by cross-examination that the witness's opinion varied according to the necessities of each case.

4. IMPROPER STATEMENT BY JUDGE TO JURY. An error, committed by the judge presiding at a trial for personal injuries, in stating to the jury his personal recollection of what occurred at a previous trial between the same parties for injuries resulting from another accident, in respect to a fact material to the case in hand, and as to which the jury had no knowledge except as it was to be derived from the testimony before them, *held*, not to have been cured by the judge's requesting the jury to dismiss his statement from their minds.

*Brooks* v. *Rochester Railway Co.*, 88 Hun, 614, reversed.

(Argued May 2, 1898; decided June 7, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered June 26, 1895, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.

The facts, so far as material, are stated in the opinion.

*Charles J. Bissell* for appellant. The court erred in sustaining plaintiff's objection to the question put to witness Julia F. Haywood relating to her opinion expressed on the

first trial as to the permanency of plaintiff's injuries, and to the question as to whether or not she was still of the same opinion. (*Wells* v. *Kelsey*, 37 N. Y. 143 ; *Shoemaker* v. *N. Y. C. & H. R. R. R. Co.*, 21 N. Y. S. R. 541.) The court erred in submitting to the jury, upon the testimony in the case, the question whether the injury to the wrist was or was not a permanent injury, and in refusing to charge as requested by defendant's counsel, that there was no sufficient evidence in the case that would enable them to determine, with reasonable certainty, that the injury to the wrist was permanent. (*Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 542 ; *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 42 ; *Strohm* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 305 ; *Meeteer* v. *M. R. Co.*, 45 N. Y. S. R. 704 ; *Tozer* v. *N. Y. C. & H. R. R. R. Co.*, 105 N. Y. 617 ; *Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 375; *Griswold* v. *N. Y. C. & H. R. R. R. Co.*, 115 N. Y. 61 ; *Wallace* v. *Vacuum Oil Co.*, 128 N. Y. 579.) The exception to the remarks of the court in regard to what took place at the first trial was well taken. (*Erben* v. *Lorillard*, 19 N. Y. 299; *Furst* v. *S. A. R. R. Co.*, 72 N. Y. 542.)

*Walter S. Hubbell* for respondent. Defendant's exceptions to the ruling of the court sustaining plaintiff's objections to the questions put to Mrs. Dr. Haywood are untenable. (*King* v. *N. Y. C. & H. R. R. Co.*, 72 N. Y. 607.) It was not an error for the court to state what took place upon the trial of the first action. (*People* v. *Schooley*, 149 N. Y. 99–103 ; *Holmes* v. *Moffatt*, 120 N. Y. 159; *Gall* v. *Gall*, 114 N. Y. 109, 121.)

O'BRIEN, J. The plaintiff recovered a verdict of $5,200 as her damages for a personal injury resulting from the defendant's negligence in obstructing a street upon which the plaintiff was passing in a carriage. The questions presented by the appeal do not necessarily pertain and are not peculiar to the law of negligence. They may be involved in any other class of actions, since they relate to the measure of damages

upon a peculiar state of facts.   The questions arise out of the
circumstance that the plaintiff appears to have sustained two
separate injuries on different occasions, and has recovered two
separate judgments against the defendant.   The accident
which forms the basis of this judgment occurred on the 30th
day of September, 1892.   The prior accident and resultant
injury was while the plaintiff was a passenger on the defend-
ant's railroad, and occurred on the 5th of May, 1892.

The plaintiff brought an action for that injury on the 30th
of July, 1892, and before the last accident had occurred.
The case was defended and tried on the 23rd of February,
1893, and resulted in a verdict in her favor of $7,500, which
was subsequently, on appeal, reduced to $3,750.   She brought
this action for the second injury on October 26th, 1892, while
the first action was pending and untried, and the verdict was
rendered at a term of the court held January 25th, 1894, and
after the first judgment had been rendered.   On both trials
the plaintiff called the same medical experts to prove the char-
acter and extent of the injuries, and in both cases the plaintiff
claimed to have been permanently injured as the result of
each accident

In the first case she claimed to recover for a permanent
injury to her back and knee as the result of the first accident.
In the second case she claimed to recover for a permanent
injury to her back and wrist as the result of the second
accident.   It appears that the plaintiff was a teacher of elocu-
tion and also an artist in painting on china and that she
derived considerable profit from the practice of these voca-
tions and in both actions she claimed to have been totally dis-
abled from earning her living by these professions in conse-
quence of the accident involved in the particular action.   It
will be seen, therefore, that it is important at the outset to get
a clear view of the effect of the first judgment and the ques-
tions determined by it.   Her complaint was broad enough in
that action to permit a recovery for a permanent injury to the
back and knee and the proof tended to sustain that claim.   As
the result of these injuries the jury could have found that she

became incapacitated from teaching elocution and painting on china since as she said she could not walk up and down the stage and gesticulate, and she was unable to carry anything on crutches which she was obliged to use after the first accident. The verdict of the jury was general, and must be deemed to cover compensation for every element of damages embraced within the pleadings and proofs.

Hence it is obvious that the plaintiff can recover in this action only for such additional injuries as may be properly and legally attributed to the second accident. For any new injury the result of that accident she may be awarded damages, and, therefore, as the injury to the wrist was new, she is entitled to recover for that. In so far as the old injuries were increased or aggravated by the second accident she may also recover, but since it is admitted that there was no new or additional injury to the knee, no damages can be awarded for that in this action. And since the first judgment in her favor was for damages resulting from her disability to teach elocution or paint on china, her present disability to do these things cannot legally be attributed to the last accident. This disability was involved in the first trial and passed upon by the jury in her favor, and hence it could not be an element for the consideration of the jury in the second action on the question of damages. It may be true that by the second accident she became disabled in some other way and was in consequence incapacitated from doing something else that she could have done before and subsequent to the first accident, and so far she had a right of recovery in the second action. A former judgment is as conclusive upon the plaintiff as upon the defendant as to all matters within its scope, and hence it was not open to the plaintiff in this case to give proof of any claims which had been set at rest by the first judgment. Her disability to teach elocution and painting as a result of the injury to the back or to the knee or both was involved and passed upon in the first action, and for that disability she has been compensated by the first judgment, and can have no further recovery. It was important, therefore, upon the trial

of the present action to confine the attention of the jury to such elements of damages as could.legally be attributed to the second injury.  The two accidents and the two trials were so connected by the proofs on the part of the plaintiff that the defendant had the right to eliminate from the case all claims which entered into the first recovery.

The plaintiff was attended after both accidents by the same physician, a lady who was sworn as a witness for the plaintiff on both trials.  Her testimony at this trial tended to show that at the time of the second accident the plaintiff was gradually recovering from the effects of the first, but that her injuries in the second accident were likely to be permanent.  Her testimony at the first trial also tended to prove that the plaintiff's injuries in the first accident to the back and knee were likely to be permanent.  On her cross-examination in the present case the defendant's counsel asked her if she had not expressed the opinion when a witness at the first trial that the injury to plaintiff's knee was a permanent one from which she would never recover.  The plaintiff's counsel objected to the question on the ground that it was immaterial and incompetent.  The court sustained the objection and the defendant's counsel excepted.  At a subsequent stage of the cross-examination of the same witness she was asked if she was still of the opinion that she had expressed on the first trial that the injury to the knee in the first accident was a permanent one.  The question was objected to by the plaintiff's counsel on the same ground, and the objection was sustained and an exception taken.

We think that the defendant was entitled to an answer to both questions.  It was manifestly to the plaintiff's interest on the last trial to magnify the extent of her injuries in the second accident and to belittle those resulting from the first accident, in order to satisfy the jury that her then condition was to be ascribed wholly or principally to the last accident, then under investigation.  It is evident from the previous testimony of this witness, as it appears in the record, that she fully understood the situation in this respect, and there were

32

some grounds for the belief that she might be so shaping her opinions as to meet it. She was an expert, and her opinions went to the jury as evidence in the case, and the defendant's counsel had the right, if he could, to show by her cross-examination that the opinions varied according to the necessities of each case. It is not quite correct to say that the injury to the knee was foreign to the inquiry on the last trial, though it was not claimed that it had received any additional injury from the last accident. The disability of the plaintiff to teach elocution and to paint was involved in both trials. If that disability was caused by the first accident it could not be attributed to the second. If a permanent fracture or injury to the knee due to the first accident disabled the plaintiff from engaging in elocutionary exercises on the stage, her claim that the same results followed the second accident could not well be true. Hence, it was competent for the defendant's counsel to place before the jury the true position of the witness on each trial with reference to the injury to the knee, since that injury entered into her claim of disability as a teacher of elocution. The questions excluded were, therefore, competent for two reasons: (1) Because they tended to show that the witness on the first trial had given proof of an injury that would account for the disability to teach and paint claimed in the second action. The plaintiff having once recovered her damages for that particular disability could not recover again. (2) The questions tended to show that the witness was framing opinions on different occasions to meet the exigencies of each case; that she held one opinion on the first trial with respect to the permanent character of the injury to the knee and a different opinion on the same subject on the second trial. If it could be shown that such was the real attitude of the witness, it would greatly affect the weight and value of her opinions as an expert and her credibility as a witness. The defendant was entitled to know just how far and in what particulars the witness intended to shift her position from that which she occupied on the first trial.

The nature and extent of the plaintiff's claim on the first

trial was an important question in the case. That she claimed and recovered for a permanent injury to the knee is beyond dispute. Whether she then claimed or recovered for a permanent injury to her back was the subject of dispute on this trial. The judgment roll in the former action was given in evidence by the plaintiff's counsel, and he claimed and still claims that there was no recovery had in that action for a permanent injury to the back. We will not now inquire whether he can assume that position in the face of the judgment, the proofs and the record. The learned trial judge submitted that question to the jury in this case, instructing them that if they found that the plaintiff had received permanent injuries to her back in the first accident, she could not recover for such an injury in this action. It is a serious question whether that fact was not adjudicated by the record of the first trial, and whether the defendant was not entitled to have the jury instructed, as matter of law, that the recovery in the first case embraced such an injury. In dealing with this question in the hurry and heat of a trial, we think that the learned judge inadvertently fell into an error which could hardly fail to be prejudicial to the defendant. It happened that he presided at the trial of the first action, and his statements of what there occurred, coming as they did from a perfectly reliable and honest source, must have had great weight with the jury in passing upon the question which was in dispute. In submitting the question of what was actually involved in the first action, he stated to them as his recollection that there was no claim made before the jury on the first trial that the injury to the back received in the first accident was permanent, but that on the contrary that claim was abandoned upon the trial.

It will be seen that these remarks had no reference to any ruling made upon the trial of the present action, or to anything that took place in the presence of the jury. It was his own recollection of a past transaction involving a disputed fact that transpired in his presence, and of which he was a witness. The defendant's counsel, at the close of the charge, excepted to the remarks of the judge with respect to what

took place at the first trial, that no claim was then made by the plaintiff that the injuries to the back were permanent. The learned judge then stated that he ought not to have said anything about it, and requested the jury to dismiss it from their minds, adding that the question was not what was claimed, but what was adjudicated upon the other trial, but he did not in any other way withdraw or modify what he had said.

It will not detract in any degree from the high character of the learned judge to say that he did not at the moment fully appreciate the importance of his remarks, or the probable influence which would be given to them by the jury. He was about to submit to them a disputed question of fact upon the evidence, and he virtually threw into the scale against the defendant all the weight of his impartial position and unbiased recollection upon that very question. There was no longer any chance for the defendant to succeed, at least upon that issue. The error was not cured by the request that the jury dismiss from their minds such a pointed statement. There can be no doubt that the court has the power to cure erroneous rulings, made in the presence of the jury, in the admission of incompetent testimony, by reversing the ruling, striking out the testimony and directing them to disregard it. But this error was not in any proper sense a ruling or decision at the trial. It was the statement by the judge of his recollection of a material fact, with respect to which the jury had no knowledge except as it was to be derived from the testimony before them. They could scarcely be expected to dismiss from their minds what they had just heard from such a high source with respect to a fact that took place in his presence.

For these reasons we think that the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed, etc.