services of the plaintiff were worth $200; and while the pleadings allege a contract to pay a certain sum per acre, amounting to much more than the referee has found, the finding of the referee for a smaller sum, based upon a different calculation, does not justify this court in reversing the judgment, and the pleadings may be deemed to have been amended to conform to the facts as established by the evidence. Whether the plaintiff's contract was for a certain sum per acre of the property disposed of, or whether his compensation was to be measured by a certain per cent. of the amount realized, or whether he was to have a reasonable amount for his services, is not very material. That he was entitled to compensation is clear, and, the amount fixed by the referee not being excessive, the judgment should be affirmed, with costs.

(43 App. Div. 427.)

DE JONG v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. PHYSICIAN AND PATIENT—PRIVILEGED COMMUNICATIONS.
    The communications of a patient to his physician, which are privileged by Code Civ. Proc. § 834, providing that the physician shall not disclose information acquired "in a professional capacity, and which was necessary to enable him to act in that capacity," extends only to those which are material or useful to the physician in the treatment of the case.

2. PERSONAL INJURY—ACCIDENT AT RAILROAD CROSSING—ADMISSIBILITY OF EVIDENCE.
    In an action for a personal injury caused by a collision at a railroad crossing, evidence of a statement, in contradiction of plaintiff's testimony, that he did not observe the train until he was struck, is admissible as bearing on his credibility and contributory negligence.

3. SAME—EXCLUSION OF EVIDENCE—INFLUENCE ON VERDICT.
    In an action for a personal injury caused by a collision at a railroad crossing, evidence of plaintiff's oral statement, in contradiction of his testimony, that he did not observe the train until he was struck, was excluded. Held, that it could not be regarded as not influencing a verdict in his favor.

4. SAME—HARMLESS ERROR.
    Neither could the ruling be regarded as harmless because defendant had obtained his signature to practically the same statement in writing, where plaintiff refused to admit that the written statement was true as he understood it when made.

Appeal from trial term, Rockland county.

Action by Benjamin De Jong against the Erie Railroad Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry Bacon, for appellant.
Arthur S. Tompkins, for respondent.

WILLARD BARTLETT, J. This judgment will have to be reversed on account of an error in the exclusion of evidence. The plaintiff was injured while attempting to drive his horse and wagon across the railroad of the defendant near Sparkill, in Rockland coun-

ty. Within an hour or two after the accident, Dr. William C. Mc-Keebee, a surgeon in the employment of the Erie Railroad Company, called upon the plaintiff, and began to treat him for his injuries. This treatment was continued for about four weeks, with the consent of the plaintiff, notwithstanding that he was informed by Dr. McKeebee that he was entitled to his own physician. During the period of his attendance the doctor conversed with the plaintiff in regard to the circumstances of the accident, and also obtained his signature to a written statement concerning the manner in which the collision occurred. Upon the trial Dr. McKeebee was called as a witness in behalf of the defendant, and was asked the following question: "Did the plaintiff state to you, on the day when you first called on him, that he did not observe the train until he was struck?" This question was objected to by the counsel for the plaintiff on the ground that it was immaterial, irrelevant, and incompetent, and especially incompetent under section 834 of the Code of Civil Procedure, being a privileged communication between physician and patient, and having been made by the patient while being treated by the witness. The objection was sustained, and defendant's counsel excepted. This exception was well taken. The disclosures prohibited by the statute are only such as were necessary to enable the medical man to act as physician or surgeon. The prohibition does not extend to admissions made by a party to an action of facts which have, and can have, no possible relation to the professional conduct of the medical or surgical practitioner. Nothing that the plaintiff could say in regard to his observation of the train which struck him, or his failure to observe it, could, by any possibility, have been either material or useful to Dr. McKeebee in his treatment of the plaintiff as a patient. Whatever statement the plaintiff made on that subject was wholly outside the case in its medical or surgical aspects. The question to which the objection was sustained was plainly designed to show that immediately after the accident the plaintiff had declared that he did not see the train until it actually struck him, whereas upon the trial the plaintiff had testified to a different state of facts. There were three tracks at the highway crossing, and he swore that when he was on the first track he saw the train coming on the third track. The admission thus sought to be proved bore directly not only upon the plaintiff's credibility, but upon his contributory negligence, and it cannot be held that the exclusion of the evidence may not have influenced the result of the trial. If it be necessary to cite authority for these conclusions, one case will suffice: Brown v. Railroad Co., 45 Hun, 439.

In the written statement concerning the accident, which the doctor procured the plaintiff to sign about a week afterwards, is a declaration that the plaintiff did not notice the approach of the train, or know that he had been struck by the train until informed of the fact by others; and upon the oral argument it was suggested in behalf of the respondent that, even if an error had been committed in the ruling which has been considered, it was harmless, inasmuch as the defendant had practically obtained in the written statement the admission or admissions which it sought to prove by Dr. Mc-

Keebee on the trial. There would be force in this argument if the plaintiff had distinctly acknowledged that he signed the written statement fully understanding its contents. He did nothing of the kind, however. He refused to admit that the written statement was true as he understood it when made. He declared that the persons connected with the Erie Railroad Company made people sign what they did not know; and he further testified that the doctor told him it was just a matter of form to sign the paper, that he did not read it himself, and that he did not remember what the doctor read to him. The testimony of the plaintiff on this subject may well have conveyed the idea to the jury that he did not knowingly make the admissions contained in the written statement. For these reasons it was all the more important to the defendant to be allowed to prove by the testimony of the doctor exactly what admissions the plaintiff actually made.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.