## DEUTSCHMANN v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. November 20, 1903.)

1. WITNESSES—CREDIBILITY—INCONSISTENT STATEMENT—ADMISSIBILITY.

   In an action for personal injuries, defendant offered evidence tending to show that no accident occurred, and that the ailments complained of were due to syphilis, from which plaintiff was suffering. A physician called by plaintiff testified as to the nature and extent of the injuries sustained by plaintiff by reason of the accident, together with the results which flowed therefrom. *Held*, that a certificate, signed by the physician, certifying that Anna D. had been sick from syphilis and under his treatment, was admissible, as bearing on the credibility of his testimony, though plaintiff's name was Annie D., and though the physician testified that the certificate did not refer to plaintiff, and that he knew that she had never had the disease.

2. SAME—CONSIDERATION BY JURY FOR IMPROPER PURPOSES.

   Where a written statement signed by a witness was received in evidence as bearing on his credibility, the statement of the court, on denying a motion to strike the statement from the record, and for an instruction to the jury to disregard it, that he would leave it to the jury to say whether the witness made the statement, and whether it referred to anything connected with the case, and would let the jury draw the inferences from it under all the circumstances, did not authorize the jury to consider the statement for any purpose beyond its bearing on the credibility of the witness.

3. MOTION TO STRIKE TESTIMONY ADMISSIBLE FOR ONE PURPOSE—REFUSAL.

   A motion to strike from the record a written statement was properly denied where the statement was properly admitted in evidence as bearing on the credibility of a witness.

4. EVIDENCE—COLLATERAL MATTERS.

   In an action for personal injuries, defendant offered evidence tending to show that no accident occurred, and that the ailments complained of

were due to syphilis, from which plaintiff was suffering. A physician called by plaintiff testified as to the nature and extent of the injuries sustained by her by reason of the accident, he having treated her for such injuries, and admitted making a written statement to the effect that Anna D. had been sick from syphilis and under his treatment, but testified that the statement did not apply to plaintiff, whose name was Annie D.; that he did not know to whom it referred; that he could not remember the circumstances of making it; and that he knew that plaintiff had never had the disease. *Held*, that evidence as to what other patients did, or what persons called on him, or what records he kept, or as to whether persons suffering from such disease frequently gave fictitious names, was collateral and inadmissible.

5. CONFIDENTIAL RELATIONS—PHYSICIAN AND PATIENT—EXTENT OF PRIVILEGE.
The testimony of a physician, limited to the identification of plaintiff, to the fact that he had treated her, together with the place and length of time of such treatment, did not disclose, or have any tendency to disclose, any communication plaintiff made to the physician, or he to her, within Code Civ. Proc. § 834, prohibiting a physician from disclosing professional information acquired in attending a patient.

6. SAME—OBJECTIONS—SUFFICIENCY TO RAISE QUESTION.
The objection to the question asked a physician which called for an answer as to whether certain prescriptions delivered by him to a patient were in his handwriting, that it was immaterial, irrelevant, and incompetent, did not raise the objection that the question was in violation of Code Civ. Proc. § 834, prohibiting a physician from disclosing professional information acquired in attending a patient, and therefore this objection could not be made available on appeal.

7. SAME—PERSONS INCLUDED—DRUGGIST.
Code Civ. Proc. § 834, prohibiting a physician from disclosing professional information acquired from a patient, does not extend to a druggist who fills physicians' prescriptions, nor does it preclude a patient receiving a prescription from divulging its contents; and therefore a druggist filling prescriptions for a physician's patient may testify to that fact, and identify the prescriptions so filled, which prescriptions may then be received in evidence.

8. SAME—REFUSAL OF PATIENT TO WAIVE PRIVILEGE—EFFECT—RIGHT TO DRAW INFERENCES THEREFROM.
The refusal of a patient to permit a physician to testify, notwithstanding Code Civ. Proc. § 834, prohibiting a physician from disclosing professional information acquired from a patient, authorizes the jury to draw inferences therefrom warranted by the evidence.

9. REQUESTED INSTRUCTIONS—ERRONEOUS STATEMENT OF LAW—EFFECT—REFUSAL TO GIVE.
As the statute only prohibits a physician from disclosing confidential information acquired in attending on a patient where the relation of patient and physician is established, and when the information was necessary to enable him to act in that capacity, a requested instruction that, under the law, communications from a patient to a physician were privileged. and could not be given in testimony except in a case of a waiver of the privilege, was properly refused, being too broad a statement of the law.

Appeal from Trial Term, New York County.

Action by Annie Deutschmann against the Third Avenue Railroad Company. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

See 79 N. Y. Supp. 1043.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Thomas P. Wickes, for appellant.

Charles F. Brown, for respondent.

HATCH, J. The plaintiff claimed to have received injuries while attempting to board one of the defendant's cars, and by this action seeks to recover damages for such injuries, and the consequences resulting to herself therefrom. It is not necessary to discuss the evidence offered in the case, except so far as the same is required to make disposition of the errors claimed to have been committed by the court upon the trial. The evidence given upon the trial was conflicting; that offered by the plaintiff tending to support the averments of her complaint, and that offered by the defendant tending to contradict the same, and to show that the plaintiff did not meet with any accident, and that she received no injuries upon the occasion of which she made complaint. The evidence required a submission of the question of fact to the jury, and the verdict in favor of the defendant has support in the evidence, and must be sustained, unless some error was committed which calls for a reversal of the judgment. It was shown upon the trial that the plaintiff was pregnant at the time the alleged accident was claimed to have happened, and that shortly thereafter she sustained a miscarriage, which she now contends was produced by the injuries which she received, and that, as a further consequence of such injuries, she had several subsequent miscarriages, and finally was compelled to undergo a surgical operation for the removal of her ovaries, which has resulted in rendering her sterile. The evidence offered by the defendant tended to show not only that no accident happened, and that no injuries were received, but that the suffering which plaintiff underwent, and the consequent surgical operation, were due to the fact that she was afflicted with secret disease, and that such disease was the responsible factor in all her troubles. The evidence presented the issue as to whether the plaintiff had this disease. It was not controverted but that some person of a name in most respects similar to hers had been afflicted with this disease, and had been treated by physicians for it. That was the issue tendered by the defendant, and the plaintiff controverted it by giving evidence tending to show that the person referred to was Anna Deutschmann and not Annie, the plaintiff herein. The plaintiff called as a witness, for the purpose of showing the nature and extent of the injuries received by her, and of the consequent results which flowed therefrom, Dr. Kolb, a physician who attended the plaintiff at the time of her first miscarriage. He was examined by the plaintiff, and disclosed fully in his testimony the physical condition of the plaintiff, the ailments and complaints from which she suffered, and the cause thereof; the plaintiff waiving in every respect, as to him, any privilege which might have been insisted upon under the statute. Upon cross-examination the defendant sought to show that the miscarriage and the physical condition which subsequently required the surgical operation were such as might have been produced by secret disease; and, as bearing thereon, and in connection with the doctor's testimony of his treatment, there was exhibited a written paper, and he was asked if it was not in his handwriting, to which he gave an affirmative answer. The defendant then offered the writing in evidence. The plaintiff's attorney objected upon the ground that it was incompetent, irrelevant, and immaterial, and accompanied his objection with the statement that he

would not object to it if the physician would say that it referred to this case, and, if it did not refer to it, it was of no consequence. The court overruled the objection, admitted the paper, and the plaintiff excepted. It reads as follows:

"H. Kolb, M. D., 356 West 42nd St.
"New York, May 1st, 1900.

"This is to certify that Mrs. Anna Deutschman has been sick with syphilis and under my treatment during the last three years; manifested by various syphylitic skin eruptions, glandular enlargements, sore mouth (syphylitic) and throat, also has had several miscarriages due to the same cause.
"H. Kolb, M. D."

Upon redirect examination the physician testified that the statement did not refer to the plaintiff; that he did not know to whom it referred; could not remember the circumstances of making it, but that he knew that the plaintiff had never had syphilis. This presents one of the errors relied upon on this appeal. We think the certificate was properly received. There was evidence given in the course of the trial tending to identify the plaintiff as the same person who was treated for syphilis by other physicians, and also by a druggist, who filled prescriptions for her, and who identified her upon the trial, and by the testimony of expert witnesses that the prescriptions which she procured to be filled were specific medicines for that disease. The certificate was the act of Dr. Kolb. If he had given it to the plaintiff, it would clearly be admissible in evidence as bearing upon the credibility of his statement that he attended and treated the plaintiff for injuries resulting from the accident, and not for any other sickness; that she did not have syphilis; and that the certificate did not refer to her. No possible question could then arise as to its admissibility. In view of the character of the evidence developed upon the trial, we think the same rule must apply as though it were admitted that he gave it to her. She was identified by witnesses as a person suffering from that disease. The physical results flowing from it could account for nearly all of the ailments described by Dr. Kolb. He gave important, and, if believed, controlling, testimony in favor of the plaintiff. The defendant therefore had the right to attack his credibility by any evidence proper for that purpose. When she was so closely connected with the physician, and identified as the person who was receiving treatment for that complaint, it became a fair question, to be submitted to the jury as bearing upon the force and effect to be given to the testimony of Dr. Kolb, as to whether or not the certificate which he made applied to and was for her. From the evidence and the circumstances surrounding the whole case, the jury, we think, were authorized to find that the physician gave to the plaintiff this certificate for some purpose; and, if they so found, its direct effect would be to weaken the force of the physician's testimony upon a vital question in the case. The difference in the name, and the testimony of the physician that it did not apply to the plaintiff, were questions which the jury were to consider and pass upon in view of the identification which had been made of the plaintiff, as heretofore stated. Such certificate constituted a declaration inconsistent with the testimony of the witness given upon the trial, and was therefore

competent. Beuerelien v. O'Leary, 149 N. Y. 33, 43 N. E. 417;
Brooks v. Rochester R. Co., 156 N. Y. 244, 50 N. E. 945. The fact
that it was in writing does not change the rule. Hare v. Mahony
(Sup.) 14 N. Y. Supp. 81. Under the circumstances of the case, the
question was for the jury as to whether the certificate did in fact refer
to the plaintiff.

It is claimed, however, that, if the certificate was admissible, it was
extended beyond any just or reasonable rule which authorized its
reception, and that, being received as bearing upon the credibility of
the testimony of the physician, it was in fact used as affirmative evi-
dence to establish that the plaintiff was suffering from the disease
therein described. This view was claimed to be presented by a mo-
tion to strike from the record the certificate, and for an instruction to
the jury to disregard it altogether. The motion was denied, and in
reply thereto the court stated:

"I think I will leave it to the jury to say whether Dr. Kolb did make that
certificate, or not, and whether it refers to anything connected with this case.
Let the jury draw the inference from it under all the circumstances of the
case."

There was nothing in this statement showing that the court extend-
ed a consideration of the certificate by the jury to any enlarged or
improper purpose beyond its bearing upon the credibility of the phy-
sician. On the contrary, it was left to the jury to say whether the
certificate applied to the plaintiff or not. That was an issue presented
by the testimony bearing thereon, and, whether it referred to any-
thing connected with the case, the jury were to draw the inference.
There was no motion made to limit the proof as bearing upon the
question of credibility. The motion was to strike it out in toto. The
ruling denies that motion. It was properly in the case for the limited
purpose, and therefore the motion was properly denied. In any event,
there is nothing in the language of the court to show that it was con-
sidered, or that the jury were authorized to consider it, for any im-
proper purpose. We think, therefore, that the court committed no
error in this regard. The former decision of this case (78 App. Div.
413, 79 N. Y. Supp. 1043) does not at all discredit our present views.
The whole discussion of the prevailing opinion in that case related to
permitting an impeachment of witnesses as to collateral matters, and
the judgment was reversed because that had been permitted. The
question now presented is not collateral in any sense. It bore directly
upon a vital issue, was offered in connection with the cross-examina-
tion upon such issue, and the only ground upon which it could be
excluded was that it did not relate to the plaintiff. That question was
for the jury.

The plaintiff contends that she should have been permitted to show
that the physician did not keep records of cash patients, and that men
and women called to consult him, and received prescriptions of which
he made no record, and that persons suffering from syphilis frequently
gave fictitious names. The purpose of this testimony was to account
for the giving of this certificate by the physician. It was negative
testimony, and entirely collateral to that issue. The question was
whether he gave it to the plaintiff or not, and as to that fact he

claimed to have absolute knowledge. What other patients did, or
what other persons called upon him, or what records he kept, or the
delicacy of patients, had no bearing upon the question. The testi-
mony was therefore properly excluded.

The defendant called as a witness Edmund S. Parslow, who testified
that he was a practicing physician; that he was acquainted with the
plaintiff; that he had attended her professionally at his office and her
house in the year 1898, about twice a week, for two or three months.
This testimony was objected to by the plaintiff on the ground that it
violated section 834 of the Code of Civil Procedure. The objections
were overruled, and the plaintiff excepted. Defendant then asked,
"Q. Doctor, will you state to the jury whether or not she was suffer-
ing from syphilis?" This was objected to upon the same ground,
and the objection was sustained. Another question was, if she had
any outbreak of the disease, or eruptions, at the time when she came
for treatment in 1898. This was objected to upon the same ground
and sustained. The defendant then asked:

"Q. I show you ten pieces of paper, and ask you whether they are in your
handwriting? (Objected to as incompetent, irrelevant, and immaterial. Ob-
jection overruled and exception.) A. Yes, sir."

The 10 pieces of paper shown the witness were marked for identifica-
tion.

"Q. Have you treated syphilis, doctor—syphilis cases? (Objected to as in-
competent, irrelevant, and immaterial. Overruled and exception.) A. Yes,
sir."

The witness was then asked whether iodide of potassium, ammoni-
ated mercury, and bionide of mercury were prescribed for syphilis,
and, under the same objection as the last, answered in the affirmative.
He was then asked what drugs were used principally in the treatment
of this disease, and answered, over the same objection and exception,
mercury and iodide of potash. He then described the combination of
mercury and iodide, and stated that it was likewise used for the same
purpose. It is indisputable that the plaintiff interposed as an objec-
tion to the first class of questions that the testimony was not ad-
missible under the statute, and such objection would have been good
if any testimony had been elicited which disclosed any information
the witness acquired in attending the plaintiff in his professional ca-
pacity or which was necessary to enable him to act in that capacity,
but no such evidence was developed. On the contrary, the examina-
tion of the physician was limited to the identification of the plaintiff,
to the fact that he treated her, and the place and length of time during
which such treatment continued. This disclosed nothing that she
communicated to him, or he to her; nor did the testimony have a
tendency to develop any communication which he made to her, or the
plaintiff to him. The evidence was entirely innocuous, so far as
any prohibition of the statute was concerned, and there was no in-
fringement of it in respect to the answers given to these questions.
When the defendant sought to develop what complaint the plaintiff
was suffering from, and his treatment of her for that complaint, the
objection was sustained, so that the plaintiff suffered nothing on ac-

count of this testimony, and no error was committed by the court. Edington v. Ætna Life Ins. Co., 77 N. Y. 564. It subsequently developed in the course of the trial that the 10 pieces of paper which were exhibited to the physician and identified by him were prescriptions which he had written and delivered to the plaintiff. The question called for an answer as to whether they were in his handwriting, and he answered that they were. The objection interposed to this question was that it was incompetent, irrelevant, and immaterial. There was not a suggestion either to this question, or any of the · questions which followed, to which we have already called attention, to which the objection was interposed, that they were in violation of section 834 of the Code, or that the examination in any wise violated the provisions of that section. Consequently this objection was waived, if it might have been insisted upon. An objection which specifies particular grounds is to be dealt with in respect of the grounds so stated. All others will be regarded as waived. Evanston v. Gunn, 99 U. S. 660, 25 L. Ed. 306; Merrick v. Hill, 77 Hun, 30, 28 N. Y. Supp. 237; Brennan v. Hall (Sup.) 14 N. Y. Supp. 864; Id., 131 N. Y. 160, 29 N. E. 1009; Abbott's Civil Trial Brief, pp. 242–244. The only testimony given by the physician which might be held to fall within the prohibition related to the prescriptions. The testimony was intrinsically competent, as it bore upon the issue involved in the case. The only objection was the prohibition of the statute, but the plaintiff was bound to bring the case within the provisions of this section, and in respect to such matter she bore the burden of showing that the statute applied in exclusion of the evidence. People v. Schuyler, 106 N. Y. 298, 12 N. E. 783; Stowell v. American Co-op. Ass'n (Sup.) 5 N. Y. Supp. 233. It is apparent, therefore, that the reception in evidence of the identification of the prescriptions by the physician was not erroneous, and, whether such testimony was admissible or otherwise, the court below was not required to pass upon it, as the statute was not insisted upon, and it cannot now be made available upon this appeal.

The defendant called as a witness John Wemer, a druggist, who testified that he knew the plaintiff, that he had filled prescriptions for her, identified the prescriptions made by Dr. Parslow, and stated that he had filled them for the plaintiff. The prescriptions were then offered in evidence, and the plaintiff objected upon the ground that they constituted a confidential communication of the physician who gave them, and were therefore inadmissible in evidence; and such objection was also urged to the testimony given by the witness. These objections were overruled, and the evidence given by the witness was received, as was also the prescriptions. It is now insisted upon that this was error. It is to be borne in mind that at common law the mouth of the physician was not closed as to any matters which were pertinent and competent upon the issue, the subject of investigation. And it is always competent for the patient himself to make disclosure of any matter which has been communicated by the physician. The prohibition of the statute relates to the physician alone. It is his mouth that is closed. B. L. T. & S. D. Co. v. K. T. & M. M. A. Ass'n, 126 N. Y. 450, 27 N. E. 942, 22 Am. St. Rep. 839. And the

physician's mouth is only closed as to communications necessary to enable him to act in a professional capacity towards the patient. Hoyt v. Hoyt, 112 N. Y. 493, 20 N. E. 402. And under the authorities we have already cited the obligation rests upon the plaintiff of showing a case which comes within the provisions of the statute, in order that it may be made available. The prohibition of the statute does not extend to a druggist who fills physician's prescriptions; nor does it preclude the patient who receives such prescription from divulging its contents and making it public property at will. When, therefore, the plaintiff, assuming that she did, took the prescriptions to the druggist to be filled, and delivered them to him, so far as she is concerned in making that disclosure, the statute does not operate. Her act in this regard was voluntary, and, when she divulged the contents of the prescriptions to him, his mouth was not closed as to their contents, and the statute has no application to such a condition. The necessity of having physicians' prescriptions filled by druggists may furnish a reason for the Legislature to say that public policy will interpose to prevent them from making disclosures of the information thus obtained, but we are not now dealing with such question. It is enough now to say that the statute in question has no application to such a situation. Having parted voluntarily with the prescriptions by delivery of them to a third person, the plaintiff could not exclude the testimony offered from such a source. Therefore no error was committed in receiving in evidence the testimony of the druggist, and accompanying the same with the prescriptions which the plaintiff had delivered to him. Undoubtedly the mouth of the physician would be closed, as he could at no time either authorize another to disclose, or disclose himself, any communications made to the plaintiff, whether oral or written. His certificate filed in a public office pursuant to the requirements of a statute may not be given in evidence, and is within the prohibition of the statute, as it remained at all times his communication of matter which he received in a confidential capacity, and is therefore inadmissible. Such is the case of Davis v. Sup. Lodge K. of H., 165 N. Y. 159, 58 N. E. 891. This rule is without application to the present situation, for here the evidence was of a disclosure made by the plaintiff of the physician's communication to a third party, and that, being her voluntary act, authorized proof of the matter disclosed. Consequently we find no error in this ruling. Evidence from experts to show that the prescriptions called for specifics for syphilis was also competent for the same reasons.

At the close of the charge, the plaintiff requested the court to further charge that:

"Under the law, communications from a patient to a physician are privileged, and cannot be given in testimony, except that the privilege be waived, and could have been waived in this case by the plaintiff, but her refusal to waive it does not warrant the jury in indulging in any inferences unfavorable to her or to her cause of action. She stood upon her legal rights, and because of doing so she cannot be prejudiced in the eyes of the jury. * * * The Court: I will charge you upon that subject in this way. The statute does, for purposes of public policy, or such other as may have influenced the Legislature, say that a physician shall not be permitted to divulge information he obtained, and which was necessary to the treatment of the patient in his professional capacity. The law itself does not prohibit any inference being

drawn from that, and I think that, while you are not to raise any inference which is not justified under the evidence in the case, I shall decline to charge you that the law prevents you from drawing any inference whatsoever from the situation."

It is insisted that the refusal to charge, and the charge as made, constituted error. We think the correct interpretation of the court's charge upon this subject is that the statute, in terms, did not prohibit any inference being drawn from the failure to permit a physician to testify. This was clearly a correct statement. There is nothing in the statute bearing upon such subject. That being the fact, the court stated that the jury were not justified in drawing any inference not warranted by the evidence, and refused to charge that the law prohibits the drawing of any inference whatsoever from this situation. We think this was a correct statement of the law. It is elementary law that an unfavorable inference may be drawn from the act of a party in suppressing, concealing, or destroying testimony; and the authorized inference is, under such circumstances, that the evidence, if produced, would be unfavorable to the party guilty of the act. It is also a general rule that an unfavorable inference may be drawn where a party has control of a witness who could give material testimony, and refuses or omits to call him. The general rule with respect to all such matters is that a presumption arises that the party would not have done or omitted to do the particular thing, if he could have derived benefit therefrom, and, having it always within his power to do the act, an inference unfavorable to him properly arises. Gulf, etc., R. Co. v. Ellis, 54 Fed. 481, 4 C. C. A. 454. And such rule was applied to the case of a physician who had been called by a party as a witness, and had made an X-ray examination of certain bones, which had been injured; but, for omission to ask concerning the results of such an examination, it was held that the defendant was entitled to a charge that the jury might assume from such omission that the physician's testimony, if given, would have been unfavorable to the plaintiff. Kane v. Rochester Ry. Co., 74 App. Div. 575, 77 N. Y. Supp. 776. The plaintiff calls our attention to the statutory rule (section 393, Code Cr. Proc.) applicable to a defendant charged with crime, when failing to testify in his behalf. In such case it is the express language of the statute, "But his neglect or refusal to testify does not create any presumption against him." This statute is a striking commentary upon the situation. The Legislature was evidently impressed with the fact that an unfavorable inference would or might be drawn in the case of a defendant who omitted to testify in his behalf, and, by express command, it directed that no unfavorable inference could be drawn therefrom. The fact that the Legislature applied such rule to criminal actions, if any intent is to be gathered therefrom, is to the effect that in all other cases where it lies with the party to keep his own mouth closed, or the mouth of another, such situation was to be left open for any inference which might arise therefrom, dependent upon the particular circumstances of the case whenever such rule should be invoked. The jury is always justified in taking into consideration the attitude, appearance, and acts of parties and witnesses upon a trial, and to deduce therefrom such inferences

as fairly arise out of the given circumstances, and we see no reason why they may not also take into consideration an objection interposed which shuts out the introduction of testimony. We think, therefore, that the court was correct in its charge with respect to the authority of the jury in considering all of the circumstances. The jury was limited in drawing inferences unless they were justified by the evidence in the case, and the court refused to charge that the law prevented them from drawing any inference whatsoever from the situation. We think, in view of the fact that the statute is silent upon the subject, that the jury were not precluded from considering the entire attitude of the party, and drawing such inference therefrom as was fairly deducible from the situation which had been created. Carpenter v. Pennsylvania R. Co., 13 App. Div. 328, 43 N. Y. Supp. 203; People v. Hovey, 92 N. Y. 554. If, however, we should be wrong in this conclusion, we think there is another and fatal objection to the request to charge as made. The language of the request is, "Under the law, communications from a patient to a physician are privileged, and cannot be given in testimony except that the privilege be waived." This was too broad a statement of the law. The prohibition relates only to those matters which the statute covers. The statute only prohibits the physician from making disclosure of confidential information acquired in attending upon a patient where the relation of patient and physician is established, and when the information was necessary to enable him to act in that capacity. When that relation is established, all disclosure of matters relating thereto is privileged. It does not extend, however, to information acquired by the physician, unless such information was acquired for the purpose of enabling him to act in that capacity. Hoyt v. Hoyt, 9 N. Y. St. Rep. 731, affirmed 112 N. Y. 493, 20 N. E. 402; Brown v. R., W. & O. R. Co., 45 Hun, 439; De Jong v. Erie R. Co., 43 App. Div. 427, 60 N. Y. Supp. 125. The request to charge embraced all communications had between a patient and a physician. Clearly, this is not the law, and the request was therefore too broad.

We have examined all of the questions which were argued and presented upon this appeal. They are all substantially covered by the present discussion, and need no further attention at our hands. We conclude that no error is made to appear in the present record which requires a reversal of this judgment.

The judgment and order should therefore be affirmed, with costs. All concur.