KATZ v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Term. May 6, 1909.)

WITNESSES (§ 401*)—CROSS-EXAMINATION—CREDIBILITY.—REBUTTAL.

Where defendant's witness on cross-examination denied that he had told plaintiff's husband that he would be a witness for plaintiff for $25, plaintiff could not prove in rebuttal that the witness had offered to testify for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff for that sum, as the testimony, if true, related only to the witness' general credibility, and did not show hostility to plaintiff.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1270; Dec. Dig. § 401.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Mary Katz against the Brooklyn, Queens County & Suburban Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

George D. Yeomans (Francis R. Stoddard, of counsel), for appellant.

Bogart & Bogart, for respondent.

LEHMAN, J. The plaintiff brought an action for damages sustained by her through the alleged negligence of the defendant. The plaintiff had no witness to the accident, except herself. The defendant produced several witnesses, including one Henry Cohen. Cohen was asked upon cross-examination whether he did not tell the plaintiff's husband that he would be a witness for her provided she paid him $25. The witness answered in the negative. The plaintiff's husband was thereupon allowed to take the stand in rebuttal and state that the witness had said to him that he would be a witness for the plaintiff if he paid him $25.

The appellant claims that this conversation should not have been admitted, that the question was collateral to the issues, and that the plaintiff was therefore bound by the answer which she received from the witness on cross-examination. In the case of Deutschmann v. Third Avenue R. R. Co., 78 App. Div. 413, 79 N. Y. Supp. 1043, and 87 App. Div. 503, 84 N. Y. Supp. 887, the court held that evidence that a witness for the defendant was offered money by a representative of the defendant to testify was improperly admitted in contradiction of the testimony of the witness on cross-examination that he had not been offered money. On this ground the Appellate Division reversed the judgment. It appears to me that, upon the authority of that case, we are bound to hold that the question in this case goes only to the general credibility of the witness; that, even if the testimony were true, it would not show hostility, and the judge erred in admitting the testimony.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes