BUTLER v. BUTLER.

(Supreme Court, Special Term, New York County. February, 1912.)

1. DIVORCE (§ 62*)—JURISDICTION—RESIDENCE OF PLAINTIFF.

Plaintiff in divorce is a resident of the state when the action is begun, so as to give the court jurisdiction, under Code Civ. Proc. § 1756, subds. 3, 4, notwithstanding he had previously gone away for his health, his intention, however, being to return when he was fully recovered; resident being used in the sense of domiciled.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 208–216, 220; Dec. Dig. § 62.*]

2. DIVORCE (§ 129*)—EVIDENCE OF GUILT—FAILURE TO DENY TESTIMONY.

The facts testified to, if true, establishing the adultery of defendant in divorce, failure of defendant to appear and deny the testimony warrants an inference of its truth.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441, 454; Dec. Dig. § 129.*]

Action by Harold P. Butler against Josephine E. Butler for divorce. Judgment for plaintiff.

Holmes, Rogers & Carpenter (Charles P. Rogers, of counsel), for plaintiff.

Herman J. Witte (Herbert E. Dickson and Herman J. Witte, of counsel), for defendant.

Jesse Silbermann, for co-respondent.

GIEGERICH, J. The action is for a divorce. The answer admits the marriage, denies the material allegations of the complaint, and sets up counterclaims based on alleged abandonment and cruel and inhuman treatment. The reply denies the allegations of the counterclaim.

[1] The defendant maintains that the court is without jurisdiction, because the plaintiff admitted upon cross-examination that along in March, 1911 (which was before the commencement of this action), he left the city of New York for Montreal, Canada, for the purpose of making it his residence until he was ready to return; that he traveled a great deal in his business, and that wherever he was he considered it his home. It also appears, however, from the plaintiff's testimony, that at the time mentioned he went to Montreal with his

parents for the purpose of recuperating his health, which had broken down, and that he expected to return to the city of New York, in order .to resume business here, when he was fully recovered. It appears, furthermore, from the testimony, that at all the times mentioned in the complaint the parties maintained their home and residence in the city of New York, where their household and personal effects were, and where the plaintiff lived at all times save when on business trips. This testimony is consistent with the plaintiff's testimony, given at the beginning of his direct examination, that he was a resident of the city of New York at the commencement of this action. As was said by the court in De Meli v. De Meli, 120 N. Y. 485, 491, 24 N. E. 996, 998 (17 Am. St. Rep. 652):

"In legal phraseology residence is synonymous with inhabitancy or domicile. And it is in this sense that the term 'resident' is used in the provisions of the Code before referred to [sections 1756 and 1757], and persons having that relation to this state are its citizens and residents, and for the purposes of the relief like that in view of this action they are subject to the jurisdiction of its courts."

Apart from all this, the answer admits that the parties were married within this state, and such is the evidence, and it also appears from the evidence that they were residents of the state at the time of the commission of the several acts of adultery alleged in the complaint, and that the defendant was then and is now such resident. Section 1756 of the Code of Civil Procedure provides that an action for a divorce may be maintained in either of the following cases, viz.:

"1. Where both parties were residents of the state when the offense was committed. 2. Where the parties were married within this state. 3. Where the plaintiff was a resident of the state when the offense was committed and is a resident thereof when the action is commenced. 4. Where the offense was committed within the state, and the injured party when the action is commenced is a resident of the state."

In Ackerman v. Ackerman, 200 N. Y. 72, 76, 93 N. E. 192, 194, the court, in construing the foregoing provisions, among other things said:

"A married person may maintain an action to procure a judgment 'divorcing the parties and dissolving the marriage by reason of the defendant's adultery' where (among other cases) the parties were married within the state, or the plaintiff was a resident of the state when the offense was committed and is a resident thereof when the action is commenced."

It appears, therefore, that this case meets not only one of the jurisdictional requirements contained in section 1756 of the Code of Civil Procedure, which by the terms of that section is all that is necessary, but that it meets them all.

[2] The defendant insists, furthermore, that on the merits the plaintiff has failed to establish any cause of action; but after careful consideration of the evidence I am satisfied to the contrary. In addition to the testimony of the two detectives, there is the testimony of the elevator operator, all in direct conflict with the testimony of the co-respondent. His testimony as to his whereabouts on the day in question depends, by his own statement, for its certainty chiefly upon what he says his wife told him, and she was not produced as a witness. His denial of any acquaintance with the defendant was not

convincing. In my opinion, the charges of adultery have been established by satisfactory testimony, and the fact that the defendant did not appear and deny the testimony of the plaintiff's witnesses is a circumstance to which I deem it proper to give some weight, even though the action is one for a divorce.

I find no authority directly in point, but Steffens v. Steffens, 16 Daly, 363, 11 N. Y. Supp. 424, decided by the General Term of the Court of Common Pleas, is closely analogous. It was there said that since the amendment of 1887 to section 831 of the Code of Civil Procedure, so as to render a party to a divorce action a competent witness to disprove the alleged adultery, the refusal of a person so charged to deny as a witness on his or her own behalf the truth of an alleged paramour's testimony may of itself be considered corroboration of that testimony. So, too, the decision in Deutschmann v. Third Ave. R. R., 87 App. Div. 503, 84 N. Y. Supp. 887, is significant on the point. There it was held that the refusal of a plaintiff in an action for personal injuries to waive the privilege of section 834 of the Code of Civil Procedure and to permit the physician who attended her to give testimony as to her condition when he gave her medical treatment was a fact from which the jury might draw an inference. The court pointed out the difference between such a case and the case of a defendant charged with a crime, in which latter the statute expressly provides (Code of Criminal Procedure, § 393) that "his neglect or refusal to testify does not create any presumption against him." In the present case the facts are such that the unexplained failure of the defendant to deny the testimony of the plaintiff's witnesses warrants an inference favorable to the truth of such testimony.

This case does not fall within the rule that a party is not called upon to make any denial until the adverse party has made out a case. Shotwell v. Dixon, 163 N. Y. 43, 57 N. E. 178; Kerr v. Kerr, 134 App. Div. 141, 143, 118 N. Y. Supp. 801; 1 Elliott on Evidence, § 228, pp. 326 and 327. Nor is it like McNeir v. McNeir, 129 N. Y. Supp. 481, where the court cited the above authorities and stated that it drew no inferences from the fact that the defendant and the corespondent were not called. That was a case where the question in the mind of the court was what the facts testified to by the witnesses on behalf of the plaintiff signified; i. e., whether they were sufficient to establish the charge of adultery. Here the question is whether the facts so testified to are true, because, if true, I have no doubt that they establish the commission of the act charged, and on that point I construe the defendant's failure to deny such testimony as warranting an inference of the truth of such testimony.

The defendant has failed to attempt to prove the allegations of the counterclaim, and upon the whole case the plaintiff is entitled to a dismissal of the counterclaim and to a judgment of divorce, without costs. The proposed findings of the respective parties have been passed upon as indicated upon the margins thereof.

Submit, with proof of service, a complete copy of the decision for my signature.